L. WOODLIEF, Adm'r, v. SARAH J. BRAGG et al.

*Claims Against Estate—Creditors—Statute of Limitations.*

1. When the creditor presented his claim against the estate of deceased person within one year, the same not being then barred by the statute of limitations, and the administrator, without having admitted its correctness in terms, filed his petition to make assets to pay the debts of the estate : *Held*, that the defendants in such proceedings could not be allowed to set up the statute of limitations in resistance to this claim.

2. The personal representative represents the deceased, and his admission of the correctness of a claim, unless impeached for fraud, will estop the heirs.

3. When the personal representative does not deny the correctness of the claim filed with him in proper time, but filed his petition to make assets to pay it, this is strong proof that he admitted it.

This was a CIVIL ACTION, tried before *Boykin, J.*, at January Term, 1891, of GRANVILLE Superior Court.

The facts are sufficiently stated in the opinion.

*Mr. J. W. Graham*, for plaintiff.
*Messrs. L. C. Edwards* and *J. B. Batchelor*, for defendants.

CLARK, J.: The creditor presented the claims now in dispute to the administrator within one year of his qualification, and said claims were not barred by the statute of limitations at the death of the intestate. The administrator files this petition to condemn proceeds of sale of certain real estate in the Clerk's office as assets to pay debts, there being an insufficiency of assets, and the defendants, the heirs at law, seek the benefit of the statute of limitations.

*The Code*, § 164, provides that if a claim is "filed with the personal representative within the time above specified (*i. e.* one year after grant of letters to the personal representative), and the same shall be admitted by him, it shall not be necessary to bring an action upon such claim to prevent the bar." *The Code*, § 1429, provides that if action should, notwithstanding, be brought, the plaintiff must pay the costs unless payment is unnecessarily delayed or neglected, or the defendant refuses to refer the matter. The first section above cited (164) provides generally that the statute under such circumstances ceases to run, and there is nothing which would seem to indicate a suspension of the statute as to the personal representative only, leaving the heir at law to be protected by the lapse of time. Action could only be brought against the personal representative, and the statute (§ 1429), to discourage the bringing of such action, provides that the plaintiff shall · pay the costs, except in certain instances, which do not apply to this case.

When judgment is obtained against the personal representative, the heir at law cannot plead the statute of limita-

tions unless there is fraud and collusion. *Speer* v. *James*, 94 N. C., 417; *Long* v. *Oxford,* at this term.   The reason of this is that the personal representative represents the deceased, and hence, when a judgment is obtained against him, in the absence of fraud and collusion, it is conclusive as to the validity of the indebtedness against the heir as well as against the distributee.   For the same reason, since the amendment of *The Code*, § 164, by ch. 80, Acts 1881 (the provision above quoted), the heir is as much barred by the filing of the claim within the prescribed time and its admission by the personal representative, as he would be by the latter submitting to a judgment.   It will be noted that the claim in controversy in *Bevers* v. *Park*, 88 N. C., 456, was a cause of action accrued prior to the Code of Civil Procedure and section 164 did not apply to it at all.   *Hall* v. *Gibbs*, 87 N. C., 4.   Besides, a judgment had been obtained on that claim, and the amendatory act (ch. 80, Acts 1881), now before us, could have no application.

In the present case it is not expressly found that the administrator admitted the claim. In *Flemming* v. *Flemming*, 85 N. C., 127, where this provision was construed, SMITH, C. J., says the creditor had perhaps the right to "deem the acceptance (of the claim by the administrator) without remark as arresting the running of the statute."   We do not hold that reception of claim by the administrator without objection is *per se* an "admission" of its correctness, but here not only the claim was filed in proper time and no objection was made, but the administrator files the petition to obtain assets to pay it.   This is strong proof that he did not deny its correctness but "admitted" it—certainly it is so in the absence of any proof whatever to the contrary.

*Per curiam.*                                     No error.