It appears that Christopher Shuffler died intestate in the county of Burke before 9 August, 1877, and that on that day the plaintiff was duly appointed and qualified as administrator of his estate; that his personal estate was of little value; that the debts against his estate aggregated several hundred dollars; that the plaintiff applied for and obtained a license to sell certain real estate of his intestate, called the "mill property," to make assets to pay debts; that this land was sold and the proceeds of the sale were duly applied as assets to the payment of debts; that other debts remain unpaid, and the present is a special proceeding to obtain a license to sell another tract of land of the intestate to make additional assets to pay such unpaid debts.
The defendants, heirs of the intestate, deny the material allegations of the complaint; they allege that the alleged unpaid claims are not just, and that they are barred by the statute of limitations. They further allege that the sale of the land by the plaintiff first above mentioned was void, upon the ground that the plaintiff himself, (644) in effect, bought the same at his own sale.
By consent of parties, it was ordered by the court that all matters in controversy between them be referred to a referee, named, to take testimony, and report to the court the facts and the law arising thereon. The referee took evidence, took and stated an account, reported the same and his findings of fact. To the same the defendants filed divers exceptions, some of which were sustained and others were overruled by the court.
The referee, among other things, found that the claims against the estate of the intestate specified in the account were "presented to the administrator and payment demanded within twelve months from the date of his qualification as administrator, and that he told the creditors that "if they would not sue on their claims he would pay all just claims as soon as he had assets in hand sufficient, and that he would not plead the statute of limitations against debts."
The defendants' exceptions overruled were these:
"3. That referee's finding that Turner went strictly according to law in the sale of the mill property finds no support whatever in the evidence shown him on the trial, and is in direct conflict with a long train of judicial decisions, in this and all the States, that an administrator must not buy directly or indirectly at his own sale.
"4. That the referee erred in omitting to find the plea of the three-year statute of limitations pleaded by the defendants in bar of the plaintiff administrator's right to reimbursement for debts of his intestate paid by him, as he alleged, three years before the commencement of this action, in favor of defendants. And likewise error is alleged in the refusal of the referee to permit defendants to make their former *Page 448 
(645) plea of the seven-year statute of limitations (The Code, sec. 152, subsec. 2) more specific in an amended answer tendered by them and refused by the referee at the hearing of this cause."
In the case settled for this Court the court says: "Third exception overruled and report sustained, and the court finds that the sale was bonafide and for fair value to Galloway and bought by Turner from him, and, if otherwise, cannot be impeached here. Fourth exception overruled." The defendants assigned as error the overruling of the exceptions above set forth. There was judgment for the plaintiff, and defendants appealed.
The order of reference was entered by consent of the parties, and the court below, in all respects pertinent and material here, approved the findings of fact by the referee. It is not objected that there was no evidence to warrant such findings. Indeed, there was some. That it is not the province of this Court to review such findings of fact is well settled by many decisions.
Regularly and properly, the defendants could not attack, collaterally, in this proceeding, the sale of the land made in the former special proceeding mentioned above to make assets to pay debts. That should be done by motion in the cause in a proper case, or by an action brought for the purpose. Sumner v. Sessoms, 94 N.C. 371; Garrison v. Cox,99 N.C. 478; Smith v. Fort, 105 N.C. 446. But if this were not so, the defendants' third exception could not be sustained, because the court below distinctly found the fact that the sale of the land complained of was made in good faith, and purchased by one who might buy and who paid a fair price for it. The sale was ratified by the court, the purchaser took a proper deed therefor, and afterwards conveyed the (646) title he thus bought to the plaintiff. This being true, the defendants' objection is clearly groundless. It seems that they were dissatisfied with the findings of fact, but, as we have said, we cannot review such findings. We can only correct errors in the application of the law to them, and in this respect no error appears in the record.
It appears that the plaintiff paid several debts of his intestate with moneys other that such as constituted part of the assets of the estate in his hands, for which he was not allowed credit. It further appears, in that connection, that he received certain rents that he supposed to be assets, but the same were not allowed to be such, and the court sustained the exception to the allowance of the same by the referee. This and like things done by the plaintiff show that, in paying debts of his intestate *Page 449 
and charges of administration, he was not officiously paying the same with his own funds simply for the purpose of creating a debt in his own favor whereby he might annoy and prejudice the defendants, but that he did so in good faith. The debt of the estate remaining unpaid is due to the plaintiff on account of moneys advanced and used by him to pay debts of his intestate. The defendants insist that such payments were officious, and also that the same are barred by the pertinent statute of limitations, and they cite and rely in part on Bevers v. Park, 88 N.C. 456. We think such payments by the plaintiff were not officious, but were such as were made through inadvertence, in part, as to what constituted assets in his hands, and also such as he might have made for the convenience and benefit of the estate. In such case the administrator is entitled to be subrogated to the rights of the creditors whose debts he so paid with his own funds. In making such payments he was not a mere intermeddler; he simply gave the estate, wherewith he was charged, the temporary benefit of his own funds in the course of his administering the same. Williams v. Williams, 17 N.C. 69;Sanders v. Sanders, ib., 262.
It is insisted, however, that he stands in the place of the (647) creditors whose debts he so paid, and their debts were barred by the statute at the time he so paid them. But it does not so appear. It is found as a fact that they were not so barred at the time he paid them. And it further appears that such debts were presented to the administrator and payment thereof demanded within one year after the issuing of letters of administration to the plaintiff, and that he took notice of the same, as contemplated by the statute (The Code, sec. 164), which, among other things, provides that "if the claim upon which such cause of action is based be filed with the personal representative within the time above specified (within one year after the issuing of letters testamentary or of administration), and the same shall be admitted by him, it shall not be necessary to bring action upon such claim to prevent the bar." It seems that the creditors and plaintiff, as to these claims, intended to and did substantially what the clause of the statute just recited allows to be done in such cases. This had the effect to prevent the bar of the statute. If it be said that it does not specifically appear that the claims were not barred at the time they were so presented, still it appears expressly that they were not barred at the time the plaintiff paid them; and hence it must be that they were not, at the time they were so presented. They were paid after that time. It has been decided at the present term that claims not barred at the time they were filed with the administrator, as just indicated, will not be barred by subsequent lapse of time pending the administration. Nor can the heir plead the statute as to them. Woodlief v. Bragg, ante, 571. *Page 450 
The defendants in their answer say that they "plead the statutes of limitations of ten, seven, six, and three years, as prescribed in The Code, to all said claims, and aver that they are unable to plead the same more definitely to each and all of said claims." This is clearly bad and insufficient pleading. The court might, in its discretion, have (648) allowed appropriate amendments, but it was not bound to do so; not is the exercise of its discretion reviewable here. It declined to allow an amendment. It seems that it treated the pleading as sufficient as to the statute barring claims after the lapse of three years, but it refused, as it might do, to recognize the insufficient pleading of any other like statute. The answer is wholly insufficient, in so far as it no more than suggests its purpose to allege that the cause of action was barred by the lapse of seven years. It should, in this respect, have alleged definitely that the special proceedings were not begun "within seven years next after the qualification of the executor or administrator and his making the advertisement required by law for creditors of the deceased to present their claims." Love v. Ingram, 104 N.C. 601. This case is materially different from Proctor v. Proctor, 105 N.C. 222. In that case the court did not take notice or dispose of the imperfect pleading at all. In this one it refused to allow an amendment, and treated the insufficient pleading as none at all.
Judgment affirmed.
Cited: Lassiter v. Roper, 114 N.C. 20; Byrd v. Byrd, 117 N.C. 526;Denton v. Tyson, 118 N.C. 544; Stonestreet v. Frost, 123 N.C. 647;Justice v. Gallert, 131 N.C. 396; Murray v. Barden, 132 N.C. 144; Pipesv. Mineral Co., ib., 613; Morton v. Lumber Co., 144 N.C. 34; Rackley v.Roberts, 147 N.C. 205; Bank v. Warehouse Co., 172 N.C. 603.