State ex rel N. A. STONESTREET et als v E. FROST, Administrator
of W. Stonestreet, THE BOARD OF COMMISSIONERS
OF DAVIE COUNTY et al.

(Decided December 23, 1898.)

*Administrators—Filing Claims—Statute of Limitations
—Counsel Fees—Commissions.*

1. Counsel fees paid by an administrator obviously for the purpose of
   obstructing a settlement will not be allowed as a charge against
   the estate.

2. Commissions will not be allowed an administrator who fails to file
   proper inventory and returns and mixes the estate funds with his
   own, and he should be charged with interest.

3. The exhibition by the Sheriff within one year of date of administra-
   tion to the administrator, of an execution in his hands at the
   time of the death of the intestate, issued upon a judgment in favor
   of the county against the intestate, which the administrator ad-
   mits, is correct and does not pay for want of assets—is a sufficient
   *"filing"* required by *The Code*, Section 164, so as to render unneces-
   sary an action to prevent the bar of Statute of Limitations.

PLAINTIFF'S APPEAL.

CIVIL ACTION instituted by the next of kin and dis-
tributees of the estate of W. Stonestreet against the of-
ficial bond of E. Frost, his administrator, heard before
*McIver, J.,* at Spring Term, 1898, of DAVIE Superior
Court upon exceptions to report of referee.

By leave of the Court, the County of Davie was al-
lowed to interplead in this action in order to assert an
unpaid claim, due by judgment recovered against the
intestate, in his life-time.

The referee reported a balance due from Frost, ad-
ministrator, of $544.59. In arriving at this amount,
the referee excluded a charge of $100, counsel fees, for
services in this action, on the ground that the adminis-
trator had had the estate unsettled in his hands for 17

years—had paid $40 in counsel fees at the start; had done nothing since, and was now resisting a settlement.

The administrator excepted to this action of the referee, and the exception was sustained by his Honor, who allowed the charge, to which ruling the plaintiffs excepted

In regard to the debt, set up in the interplea by the County of Davie against the estate of the intestate the referee found these facts:

The intestate, W. Stonestreet, died February 15th, 1877, and the defendant, E. Frost, was appointed administrator March 5, 1877.   This action was commenced August 30, 1894.

That at Fall Term, 1873, of Davie Superior Court, judgment was rendered in favor of M. Fulford, County Treasurer, against said W. Stonestreet and others for the sum of $1642.15, of which sum $1138.85 was principal money, and no part thereof has ever been paid.

That under an execution upon said judgment the homestead of W. Stonestreet was allotted to him prior to his death.

That after his death and appointment of E. Frost as his administrator, an execution issued on said judgment against said W. Stonestreet prior to his death, was presented to the said administrator by the Sheriff of the county and payment demanded of him, within one year from date of his appointment as administrator, who did not dispute said debt nor the liability of the estate of his intestate to pay the same, but declined to pay for lack of assets in his hands at the time, and recognized said judgment as a valid debt against the estate of the intestate.   That no other presentation of said claim has ever

been made to said administrator and no other demand for its payment has ever been made of him by the county.

That said Frost, administrator, duly published notice to creditors to present claims as required by the Statute.

### REFEREE'S RULINGS OF LAW.

That the demand by the Sheriff of Frost, administrator, within one year from the date of his appointment for payment of judgment of Fulford, Treasurer, *v.* W. Stonestreet and presentation of execution therefor, was a sufficient presentation of claim to the admintrator, and especially so as he did not dispute its validity, but recognized it as a valid claim against the estate of intestate.

That upon the presentation of said judgment and recognition of its validity by the administrator, it became unnecessary for the holder to bring action to stop the running of the statute.

No final settlement having ever been made by Frost as administrator, this debt is not barred by any Statute of Limitations as to him, and must be paid before the distributees receive anything; and as there is not sufficient assets to pay said debt, that ever came into his hands, the county commissioners are entitled to judgment for the sum of $5000 (penalty of the bond) to be discharged by payment of $544.59 with interest from March 5, 1879.

The plaintiff excepted to the ruling of the referee that demand by the Sheriff of Frost, administrator, within one year from the date of his appointment as administor for the payment of the judgment and presentation of the execution, was a sufficient presentation of the

claim to the administrator under the statute providing for the presenting of claims to an administrator.

The plaintiffs also excepted to the ruling of the referee that the presentation of the execution and the recognition of the validity of the judgment by the administrator rendered it unnecessary for the holder to bring an action to stop the running of the statute.

Also, to his ruling that the said judgment is not barred by the Statute of Limitations.

Also, to his ruling that the said judgment must be paid by the administrator, before the distributees receive anything.

His Honor overruled these exceptions, and the plaintiffs excepted, and appealed.

*Messrs. Watson, Buxton & Watson,* for plaintiffs (appellant).

*Messrs. Glenn & Manly, E. L. Gaither, T. B. Bailey* and *Hollon & Alexander,* for appellees.

CLARK, J., delivers the opinion of the Court.
MONTGOMERY, J., dissents.

CLARK, J.: The referee found as a fact that in July, 1897, Frost, the administrator, paid an attorney's fee of $100, and that he paid before that time to other attorneys for services in the settlement of the estate $40. Upon that finding of fact the referee held as a matter of law that as the administrator had paid $40 for counsel fees in the settlement of the estate and as there was no evidence to show that he had any unusual trouble in transacting the business of the estate and that the $100 was paid 17 years after anything had been done by the administrator in closing up the estate and after this action was begun, the administrator was not entitled to have any al-

lowance out of the estate for the fee of $100. The defendant Frost, administrator, excepted to these findings of the referee, the exception was sustained, and the plaintiff excepted. There was error in the ruling of his Honor. We think that the administrator should not have been allowed the $100 fee which he paid to his attorney out of the assets of the estate, for the reason that the service rendered by the attorney was for the attempted prevention of the recovery against the administrator by the distributees of that which belonged to them.

It follows from what we have said as to the ruling of the Court on the attorney's fee of $100 that the ruling in sustaining the exception of Frost, to which the plaintiff excepted, was erroneous, and that the amount, therefore, of the balance which the referee reported to be due by the administrator was the correct amount— the non-allowance of commissions to the administrator to the referee having been approved by his Honor.

The 15th finding of fact is as follows: "That after the death of W. Stonestreet and appointment of E. Frost as administrator of his estate, and execution issued on said judgment against Stonestreet prior to his death was presented to the administrator by the Sheriff and payment demanded of him, within one year from the date of his appointment as administrator, and the administrator did not dispute the debt or the liability of the estate to pay the same, but declined to pay for lack of assets in his hands at the time, and recognized said judgment as a valid debt against the estate." Upon that finding of fact the referee found as a conclusion of law, 5, That the demand by the Sheriff of Frost, administrator, within one year from the date of his appointment as administrator for payment of the judgment of Fulford,

treasurer, against W. Stonestreet and the presentation of execution therefor, was a sufficient presentation of the claim to the administrator and especially so, as he did not dispute its validity but recognized it as a valid debt against his intestate's estate, and also afterwards at the request of one of the distributees agreed to put off the final settlement of the estate so that it might pass out of date. 6. That at the time said execution was presented and payment demanded of said administrator, the said judgment was not barred by the Statute of Limitations, but was a valid judgment against the estate of W. Stonestreet. 7. That upon the presentation of said judgment and recognition of its validity by the administrator, it became unnecessary for the holder to bring action to stop the running of the statute. 10. That no final settlement having ever been filed by the administrator, the claim of plaintiff and the debt of the Board of Commissioners of Davie County are not barred by any Statute of Limitations as to him, and that the said judgment of Fulford, treasurer, against W. Stonestreet must be paid by the administrator before the distributees receive anything, and as there is not sufficient assets of the estate to pay said debt that ever came into the hands of the administrator, the Board of Commissioners of Davie County are entitled to judgment against E. Frost for the sum of $5,000, to be discharged on payment of the sum of $544.59 with interest thereon from March 5, 1879, and on $29.20 from October 11, 1881, and on $29.25 from April 7, 1881." The exceptions to these findings were overruled and the Court rendered judgment in favor of the Commissioners of Davie County in accordance therewith.

It would seem that this was a strict and proper compliance with the provisions of *The Code*, Section 164.

The execution was not unadvisedly issued nor void, as it is found as a fact that it was issued prior to the death of W. Stonestreet; the Sheriff was the agent of the judgment creditor, the County Treasurer, to collect the execution, and upon the death of the judgment debtor he presented it to the administrator "who did not dispute its validity but recognized it as a valid debt against his intestate, and also afterwards at the request of one of the distributees agreed to put off the final settlement of the estate so that it might pass out of date." In the same finding it is said that the Sheriff, within one year after the qualification of the administrator, demanded of him "payment of the judgment of Fulford, Treasurer, against W. Stonestreet" and presented the execution therefor. It is difficult to see how the county could have done more. The debt was merged in the judgment, and the judgment was recorded in the Court House. The official agent of the county for purposes of collection, on behalf of the plaintiff in the judgment (the County Treasurer) demanded of the administrator payment thereof and presented as evidence of the judgment and amount thereof the execution which had been issued thereon prior to the judgment debtor's death. The administrator acknowledged the validity of the debt—"recognized the judgment as a valid debt against his intestate." This would have been a sufficient "filing" if the judgment creditor had been a private individual, and there can be no reason why it should not be so when the plaintiff in the judgment is a County Treasurer who is faithfully endeavoring to protect the rights of the public *Turner* v. *Shuffler,* 108 N. C., 642; *Brittain* v. *Dickson,* 104 N. C., 547. If the county had lost the debt by the failure of its Treasurer to present it, he would have been liable on his bond, but having present-

STONESTREET v. FROST.

ed it like any other creditor (who could do so by an agent), upon admission by the administrator of its validity, the amount being ascertained by the judgment, there was no reason why the Treasurer should have instituted suit. Had he done so, he should have been taxed with the costs individually.

The creditor can never compel the administrator to "string" the claim   He has done his part when he has presented it to the administrator with sufficient certainty as to the nature and amount of the debt, and the admission of its validity by the administrator dispenses with any formal proof thereof.   When the administrator admitted the validity of the judgment, he admitted the correctness of the amount.   There was nothing else to prove.

Modified and affirmed.

MONTGOMERY J., dissenting :   The referee found as a fact that in July, 1897, Frost, the administrator, paid an attorney's fee of $100 and that he had paid before that time to other attorneys for services in the settlement of the estate, $40.   Upon that finding of fact the referee held as a matter of law that, as the administrator had paid $40 for counsel fees in the settlement of the estate and as there was no evidence to show that he had any unusual trouble in transacting the business of the estate, and that as the $100 was paid seventeen years after anything had been done by the administrator in closing up the estate and after this action was begun, the administrator was not entitled to have any allowance out of the estate for the fee of $100.   The defendant, Frost, Administrator, excepted to these findings of the referee, and his Honor sustained the exception, and the plaintiff excepted.   There was error in the ruling of

his Honor. I think that the administrator should not have been allowed the $100 fee which he paid to his attorney out of the assets of the estate, for the reason that the service rendered by the attorney was for the attempted prevention of the recovery against the administrator by the distributees of that which belonged to them.

It follows from what we have said as to the ruling of his Honor on the attorney's fee of $100, that the ruling of his Honor in sustaining the third exception of the defendant Frost (to which the plaintiff excepted) was erroneous, and that the amount therefore of the balance which the referee reported to be due by the administrator Frost, was the correct amount—the non-allowance of commissions to the administrator by the referee having been approved by his Honor.

The Board of Commissioners of Davie County were made a party defendant, of their own motion, after the commencement of this action, and in their answer they averred that a judgment was had in their favor for $1642.18 and costs at the Fall term, 1873, of Davie Superior Court and that the same is still due and unpaid. The Board of Commissioners, further in their answer admit the allegations of the complaint, and pray for judgment that a first lien in their favor may be declared upon the estate of the defendant Frost's intestate. In their replication, the plaintiffs plead the Statute of Limitations against the judgment of the Board of Commissioners. The referee found as a fact that "After the death of W. Stonestreet and appointment of E. Frost as administrator upon his estate, an execution issued on said judgment against W. Stonestreet prior to his death, was presented to the said administrator by the sheriff and payment demanded of him, within one year from

the date of his appointment as administrator, and said administrator did not dispute said debt or the liability of the estate of his intestate to pay the same, but declined to pay for lack of assets in his hands at the time, and recognized said judgment as a valid debt against the estate of his intestate." Then followed findings of law, to the effect that the presentation of the execution to Frost, administrator, was a sufficient presentation and filing under Section 164 of *The Code*; that the presenta tion of the execution to the administrator Frost, and his recognition of the validity of the debt rendered it unnecessary for the county to bring an action to stop the running of the Statute; that the judgment of the Board of Commissioners was not barred by the Statute of Limitations and that the same should be paid by the administrator, Frost, before the plaintiffs; the distributees, should recover anything. The plaintiffs filed exceptions to these findings of law and his Honor overruled the exceptions, and the plaintiff excepted.

I am of opinion that his Honor was in error in refusing to sustain those exceptions of the plaintiffs, which were numbered 3, 4, 5, 6. The language of that part of Section 164 of *The Code*, on the filing of indebtedness with the personal representative, is : "But if the claim upon which such cause of action is based be filed with the personal representative within the time above specified, and the same shall be admitted by him, it shall not be necessary to bring an action upon such claim to prevent the bar." What is a reasonable construction to be placed upon the word "filed" as used in Section 164 ? It has reference, certainly, to the old custom of stringing on a line or wire papers of value for past or future usefulness, or may be both. The same end is subserved by tying together or bundling papers and labelling them

or cataloguing them on rolls or lists for future use. Now the referee found no such filing as that by the sheriff with the administrator Frost. He found that that officer presented to the administrator the execution for payment, and that the administrator recognized the debt as a valid one but declined to pay it for lack of assets. The filing of claims as provided for under Section 164 of *The Code*, is intended to be of advantage to creditors who do not receive or who do not expect to receive payment of their debts on presentation, in enabling them to leave with the personal representative a memorandum of their claims to save the trouble and expense of bringing suit, and to prevent the bar of the Statute of Limitations. And the act of the creditor in filing the claim is an admission on his part that he does not expect the immediate payment of the debt, but that he wishes the claim entered, "filed," somewhere, in some way, by the personal representative—better in a book kept for that purpose, or in bundles labelled, or on a file (though such actual filing may not be essential to comply with the *The Code*).

The purpose of the creditor then is, by filing his claim with the administrator, to avoid the running of the Statute against his debt, and to fix the debt by the admission of the personal representative—the very reverse of presenting the claim for instant payment. Now it is clear that the Sheriff did not file the judgment of the Board of Commissioners with Frost, the administrator, in the sense of our construction of Section 164. The referee did not find that he went to the administrator Frost, at the request or even suggestion of the Board of Commissioners, and the presumption must be, from the words of the finding of the referee, that the Sheriff only wished, as the officer of the law to whom the execution

was issued, to collect immediately the amount of the execution and return the same, less his commissions, to the Board of Commissioners. The execution was unadvisedly issued, to say the least, for the reason that it was issued after the death of the judgment debtor, and on that account was void—the judgment having been rendered in 1873, and the defendant in the execution having died in 1877. It follows from what we have said above that the judgment of the Board of Commissioners was barred by the Statute of Limitations, and that the defendant Board of Commissioners was not entitled to receive anything out of the estate or assets of the intestate of Frost, the administrator.

The case ought to be remanded to the Superior Court of Davie County to the end that the report of the referee might be reformed according to my view herein expressed and a proper judgment entered thereon in the Superior Court in favor of the plaintiffs.