JOHN L. HINTON v. D. T. PRITCHARD, Executor of D. L. Pritchard,
MARY E. HUGHES and MARY E. HUGHES, Jr.

(Decided February 20, 1900.)

*Note of Testator—Statute of Limitations—Partial Pay-
ments by Testator; by Executor—"Filed" and "Admit-
ted," Under Section 164 of The Code—Judgment
Against Executor.*

1. A note, kept alive by partial payments up to death of testator, will
   be still further extended by partial payments made by his
   executor within time.
2. The term "filed," used in sec. 164 of The Code, signifies that the
   claim is to be exhibited, for inspection, to the personal represent-
   ative, for his admission or rejection. It is not required of the
   creditor to part with the possession of the evidence of his claim.
3. A partial payment by the personal representative, without objection,
   is an unequivocal act, from which an admission of the justice of
   the claim may be inferred.
4. A judgment against an executor, fairly obtained without fraud and
   collusion, is conclusive against the heir or devisee.

CIVIL ACTION upon a promissory note under seal, tried
before *Starbuck, J.,* at Fall Term, 1899, of the Superior
Court of CAMDEN County.

The note was dated June 23, 1882, payable one day after
date, to the plaintiff, in the sum of $11,645.13, at 6 per cent,
and executed by D. L. Pritchard, testator of defendant.
There was a partial payment endorsed, made by the testator
May 14, 1883. He died March 8, 1886, leaving a will, in
which the defendant D. T. Pritchard was named executor,
and who duly qualified as such the same month.

The executor made several partial payments, the first
dated May 25, 1886, and the last, June 25, 1893, which were

endorsed upon the note. The plaintiff brought suit August 26, 1898, against defendant D. T. Pritchard, executor, who filed no answer. Upon application, Mary E. Hughes and Mary E. Hughes, Jr., as parties in interest in the estate, were allowed to be made defendants, and filed an answer, setting up the statute of limitations, and alleging fraud and collusion between the plaintiff and defendant D. T. Pritchard, but offered no evidence, and relied upon the statute of limitations as a bar to recovery.

His Honor ruled otherwise, and they excepted. There was verdict for the plaintiff, and judgment accordingly. Appeal by defendant Hughes.

*Messrs. E. F. Aydlett* and *G. W. Ward,* for appellants.
*Messrs. Pruden & Pruden,* and *Shepherd & Shepherd,* for plaintiff.

FAIRCLOTH, C. J.   D. L. Pritchard executed and delivered his note under seal to the plaintiff, June 23, 1882, and died testate in March, 1886, and the defendant D. T. Pritchard was qualified as his executor. The first payment on the note was endorsed May 14, 1883. The executor made a payment on the note endorsed May 25, 1886, and made several successive payments, the last being endorsed June 25, 1892. Action was begun August 26, 1898.

M. E. Hughes and M. E. Hughes, Jr., heirs-at-law of the testator, were allowed to become parties-defendant, and file an answer setting up the statute of limitations. The executor filed no answer, and the defendants introduced no evidence. The third issue: "Is plaintiff's claim barred by the statute of limitations?" The Court then told the jury that if they believed all the evidence they should answer the third issue, "No." Defendant Hughes excepted to the charge, and appealed.

The plaintiff retained possession of his note until it was merged in the judgment.

These are the material facts.

The contention, which we think is not well founded, is that as the plaintiff did not file his note with the executor, under The Code, sec. 164, the payment by the executor did not intercept the statute, and that the action is barred, as more than ten years elapsed after payment by the testator before the action was commenced.

We must infer that the executor considered and treated the claim as just, by making several payments thereon, and by not denying its correctness. Was it "filed" within the intent of The Code, sec. 164? Notice to the executor for information is the prime purpose of the statute and seems to be all that is necessary for his purpose, until he is ready to make a final settlement. In *Woodlief v. Bragg,* 108 N. C., 571, the creditor's claim was presented within one year and no objection was made, and the administrator filed a petition to sell land for assets to pay it: *Held,* that the running of the statute was saved. In *Stonestreet v. Frost,* 123 N. C., 640, the sheriff presented an execution, issued before the intestate's death, to the administrator and demanded payment, admitted to be correct: *Held,* to be a "filing" within said sec. 164.

The facts in the present case bring it within the principle of the above cases. It would be unreasonable to require the creditor to actually file or deposit his evidence with the personal representative, who might become an adversary party. The judgment against the personal representative is conclusive against the heir or devisee in the absence of fraud and collusion. *Speer v. James,* 94 N. C., 417.

Judgment affirmed.