JUSTICE v. GALLERT.

(Filed December 2, 1902.)

1. INSTRUCTIONS—*Oral—Judge—The Code, Sec. 415.*
   The trial judge may disregard an oral request for instructions.

2. INSTRUCTIONS—*Appeal—Case on Appeal—The Code, Sec. 414.*
   A statement of the trial judge as to what the instructions to the jury, were, where orally given, and in the absence of a request that they be put in writing, is binding on appeal.

3. INSTRUCTIONS—*Prayer for.*
   An omission to charge on a given point is not error, unless there is a prayer to instruct thereon.

4. EXECUTORS AND ADMINISTRATORS—*Claim—Filing—The Code, Sec. 164.*
   The admission of the validity of a claim by an administrator, where presented within proper time, dispenses with any formal proof thereof.

ACTION by M. H. Justice, executor of Emily Forney, against Solomon Gallert, administrator of J. A. Forney, heard by Judge *F. D. Winston* and a jury, at June (Special) Term, 1902, of the Superior Court of RUTHERFORD County. From a judgment for the plaintiff, the defendant appealed.

*Eaves & Rucker,* for the plaintiff.
*McBrayer & Justice,* for the defendant.

CLARK, J. The appellant properly concedes that "the requests for instruction having been oral, his exception for failure to charge, as asked, can not be sustained. The statute is explicit that "the Judge may disregard them." Code, Sec. 415.

There was no request for the Judge to put his instructions in writing (Code, Sec. 414), and the case on appeal states that he did not do so, but that he jotted down some disconnected notes of his charge, in which notes, as written, it appears that he instructed the jury, on a certain state of facts, to answer "Yes," which was erroneous; but the Judge states in the case on appeal that in fact he told the jury, upon that state of facts, if found, to answer "No." The charge was not handed to the jury, and the material matter is what was said to them, and we are bound by the Judge's statement of fact. The counsel for the appellant, in a letter to the Judge, incorporated in the case, says he has no personal recollection how the Judge stated it to the jury, and that if he said "Yes," he is satisfied it was a clear inadvertence. As the Judge said to the jury "No," the inadvertent entry on his notes "Yes" could do no harm. If the charge containing the word "Yes" had been handed to the jury (Laws 1885, Chap. 137 ; Clark's Code, 3d Ed., Sec. 414), this would have been reversible error, though the Judge had orally said "No," and this though the "Yes" in the written charge was a mere inadvertence. Again, if the charge had been written out at request under The Code, Sec. 414, it should have been signed and filed with the Clerk. This would have made it "part of the record," and this would control any statement in the case on appeal. *State v. Truesdale*, 125 N. C., 696.

It was not error to omit to charge the jury as to the length of time that would be a statutory bar. An omission to charge on a given point is not error, unless there is a prayer to instruct the jury thereon. Clark's Code, (3d Ed.), page 514, and numerous cases there collected. Besides, the case on ap-

peal states, "The case was presented to the jury by both par-
ties on the question of the statute of limitations, on the ground
that if the defendant administrator had recognized the claim,
it was not barred, and if he had not, that it was barred, and
this the Court explained to the jury." So there was no dispute
as to the length of time.

The Court instructed the jury: "If Mrs. Forney presented
this claim to the administrator and demanded payment, and
he admitted that the amount was due and promised to pay it,
you will answer the issue 'No.' " And further: "The recog-
nition of the amount by the administrator must be positive
and unconditional." The defendant excepted on the ground
that there was no evidence to support these hypotheses.
Upon that exception we need consider, of course, only the
evidence for the plaintiff. R. F. Tate, son-in-law of the
plaintiff's testatrix, testified that within a year after the qual-
ification of the defendant as administrator, he heard the de-
fendant tell Mrs. Forney (plaintiff's testatrix) that when he
could get the money he would pay her; that this promise was
made in reference to this money; also, that the defendant had
made him the same promise six or eight months after the
death of the defendant's intestate, and that the defendant
then stated that he knew that his intestate had the money
(alleged to have been deposited with him by plaintiff's testa-
trix) and that it was a mystery to him what became of it.
There was no dispute as to the amount. The controversy was
as to whether the administrator had so acted as to bar the
running of the statute.

This was sufficient evidence to go to the jury. In *Stone-
street v. Frost,* 123 N. C., at pages 646 and 647, it is said
that it is a sufficient "filing," under The Code, Sec. 164,
when the claim is presented, within the proper time, to the
personal representative, and he acknowledges the validity
of the debt. "The creditor can never compel the administra-

tor to 'string' the claim.   He has done his part when he has
presented it to the administrator with sufficient certainty as
to the nature and amount of the debt, and the admission of
its validity by the administrator dispenses with any formal
proof thereof.   When he admitted the validity of the judg-
ment, he admitted the correctness of the amount.   There was
nothing else to prove."   To similar purport, *Woodlief v.
Bragg,* 108 N. C., 571; *Turner v. Shuffler, Ibid.,* 642.

In this case, there was no dispute as to the amount which,
if due at all, was a sum collected on a judgment in favor of
Mrs. Forney, plaintiff's testatrix, by defendant's intestate, a
lawyer, and left with him for investment, to-wit, $705, less
$150, which was thus invested by him for her.   It is not
sought in this action to fasten any liability upon the defend-
ant individually.

No Error.