## HARRIS v. DAVENPORT.

(Filed May 26, 1903.)

1. LIMITATIONS OF ACTIONS—*Non-Suit—Dismissal—The Code, Sec.
   166.*

   A dismissal of an action for the want of jurisdiction of the parties is
   similar to a non-suit and another action may be commenced
   within one year thereafter.

2. LIMITATIONS OF ACTIONS—*Executors and Administrators—Debt
   of Decedents—Filing of Claim—The Code, Sec. 164.*

   The commencement of an action by an administrator for the sale of
   the lands for assets with which to pay a debt to himself is a suffi-
   cient filing and admitting of the claim so as to prevent the run-
   ning of the statute of limitation.

3. LIS PENDENS—*Notice.*

   A petition to sell land for assets amounts to notice to a purchaser
   under a proceeding by heirs for sale for partition.

4. COSTS—*Appeal—Record—Case on Appeal.*

   When an appellee directs a clerk to send up certain evidence, not in-
   cluded in the case on appeal, and not necessary for the deter-
   mination of the appeal, the costs thereof will be taxed against
   him.

ACTION by I. A. Harris, administrator, against D. D. Davenport and others, heard by Judge *M. H. Justice* and a jury, at March Term, 1902, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiff, the defendants appealed.

*Jones & Jones,* for the plaintiff.
*Charles A. Moore,* for the defendants.

MONTGOMERY, J. There are two questions involved in this appeal; one is, whether or not the claim of the plaintiff as a creditor of his intestate is barred by the Statute of Limitations, and the other is whether the doctrine of *lis pendens* is applicable to the purchaser of the land at a sale made by order of the Superior Court of Transylvania County. The defendants, except Charles A. Moore, are non-residents of this State, and the defendants, M. A. Davenport, T. M. West, Emily C. Thompson, C. P. Reese, Jane Miles, B. F. West and Mary Bearden, are the heirs at law of the plaintiff's intestate. At the time of the death of plaintiff's intestate, June 1st, 1888, she was indebted to the plaintiff for medical services and board, as found by the referee. On the 8th day of September, 1888, the plaintiff qualified as administrator of the intestate and on the 10th December following instituted a special proceeding in the Superior Court of Transylvania County to sell the real estate of the intestate to make assets for the payment of debts. Judgment was had in that proceeding, the land was sold and the sale confirmed. But afterwards in July, 1893, the judgments of sale and confirmation were declared by the Superior Court to be irregular and void, for the reason that the summons had not been served according to law. On the first day of January, 1894, the plaintiff commenced this proceeding for the same purpose as that commenced in 1888. On the 7th October, 1893,

the defendants in the present proceeding, Charles A. Moore having acquired by purchase from the other defendants one-fourth interest in the lands, brought in the Superior Court of Transylvania County a special proceeding for the sale of the land for partition among the owners, and a sale was made to P. S. King under the regular order of the court and confirmed on the 16th of February, 1894. By consent of the parties an order was entered in the present proceeding referring all matters in issue between the parties to Frank Carter, Esq., with directions that he take and state the evidence, and report the same with his findings of fact and conclusions of law thereon to the court. The referee heard the case and made report to the court on the 19th February, 1901. The findings of fact by the referee need not be noticed here, for the reason that none of the exceptions thereto were founded upon the averment that they were made without evidence to support them. The referee held as matters of law:

1. That the estate of the intestate was indebted to the plaintiff, I. A. Harris, in the sum of $303 with interest from the first of June, 1888.

2. That the judgment ordering a sale of the land for partition in the proceeding by the heirs at law and Charles A. Moore, and the purchase by King, were void, and that if King acquired any interest in the land at that sale, the same was subject to the right of sale by the plaintiff as administrator to make assets for the payment of the debts of the intestate.

3. That King was not a *bona fide* purchaser for value and without notice.

4. That the present proceeding, commenced on the first of January, 1894, constituted *lis pendens* in the cause, and King when he purchased the land described in the plaintiff's petition did so with notice of the special proceeding to sell the land for the payment of debts.

5. That Charles A. Moore took title of so much of the land or the net proceeds of the sale thereof when sold by the administrator to make assets to pay debts, that might remain or belong to the said estate after the payment of the debts of the intestate and the costs and charges of the administration.

6. That Charles A. Moore was not a *bona fide* purchaser for value and without notice of any portion of said land as against the right of the administrator to sell the same for the purpose of making assets to pay the debts of his intestate and the costs and charges of administration.

7. That the claim of the plaintiff, I. A. Harris, administrator of the intestate, was not barred by the Statute of Limitations.

All of the exceptions of law filed by the defendants to the report of the referee were overruled at the March term, 1902, of the Superior Court of Buncombe County, to which County it had been removed by consent, and an order of sale instructing the plaintiff as administrator to sell the land described in the petition to make assets to pay debts and the costs and charges of administration, including the referee's allowance.

The referee found that the debt due from the intestate to the plaintiff was for board of the intestate and medical attention and drugs furnished to her within twelve months just preceding her death. We think the three years' Statute of Limitations (The Code, Sec. 155) set up by the defendants can not avail them. Within six months after the death of the intestate, the plaintiff had qualified as her administrator, and had commenced a special proceeding, in the county where the lands of the intestate were situated, to subject them to the payment of debts. It is true, as we have said, that the proceedings in that case including the judgment of confirmation of the sale were set aside and declared void, for the reason that there had been no proper service of summons

on the defendants, but it is also true that within a year he had brought another special proceeding for the same purpose. The action was dismissed for want of jurisdiction of the parties and that has been held as a non-suit of the plaintiff under Section 166 of The Code. *Straus v. Beardsley,* 79 N. C., 59; *Dalton v. Webster,* 82 N. C., 279. The action of the administrator, creditor, in commencing the proceeding to sell the land of the intestate to pay his debts, was equivalent to the filing with himself of his claim and his admitting the same to be due, and falls under the provisions of Section 164 of The Code. In such a case the Statute of Limitations ceases to run either in favor of the personal representative or the heir at law. *Woodlief v. Bragg,* 108 N. C., 571. It is unnecessary to discuss the question of the right of the non-resident defendants to plead the Statute of Limitations.

In the petition of the plaintiff in the present proceeding, the lands sought to be subjected to the payment of the intestate's debts were particularly described, and the petition was filed in the proper office before the day when King purchased the land under the proceedings by the defendants in this case (the plaintiff in that) for a sale of the land for partition. King's purchase, therefore, was with notice of the present proceeding, and the petition in the present proceeding from the time it was filed was a notice to the plaintiff—*lis pendens. Collingood v. Brown,* 106 N. C., 362; *Arrington v. Arrington,* 114 N. C., 151.

It appears that the plaintiff's attorneys addressed a letter to the clerk of the Superior Court, asking him to send up to this court, as a part of the case on appeal, the entire testimony of the witnesses before the referee, Garrison, I. A. Harris, Kitty E. Harris, W. B. Duckworth and M. J. Orr. The defendants objected, but the evidence was sent up. The matter was not embraced in the case on appeal as made up by his Honor, and was not necessary in any aspect of the

case, and the cost of printing the same, and the cost of making the copies by the clerk and all other costs attending that matter, must be taxed against the plaintiff and not against the defendants.

Affirmed.