N. A. CURRIE v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 1 November, 1911.)

1. Carriers of Goods—Penalty Statutes—Damages—Claim—Requirements—Interpretation of Statutes.

Revisal, sec. 2634, imposing a penalty on common carriers for failure to settle claims for loss or damages to property while in their possession as such, within certain different periods of time for shipments wholly within the State and for interstate shipments, requires that, in order to recover the penalty, the claim must be filed with the company within the time specified and applicable.

2. Same—Form Sufficient.

In a suit against a carrier to recover a penalty for failure to settle a claim relating to a shipment of molasses, under Revisal, sec. 2634, the following written demand, "Seaboard Air Line. Bought of N. A. Currie, merchant and cotton buyer, 1 puncheon of molasses, 118 gallons, at 40 cents a gallon. Shipped from Wilmington": *Held,* sufficient.

3. Carriers of Goods—Insurers—Negligence—Character of Shipment.

Common carriers, in the absence of a valid stipulation to the contrary, are held to be insurers of goods intrusted to them for shipment; but this principle does not extend or apply to loss or damage arising from the negligence of the shipper or from vices or defects inherent in the nature of the goods.

4. Same—Defense—Evidence.

In an action to recover of a carrier the penalty prescribed by Revisal, sec. 2634, for failure to settle a claim relating to the shipment of a puncheon of molasses, the defense was available

to the carrier that the puncheon had burst by reason of the fermentation of the molasses, for which the defendant was not responsible, and this caused the damage sought by the plaintiff.

APPEAL from *O. H. Allen, J.,* at October Term, 1911, of BLADEN.

Civil action to recover damages done to a puncheon of molasses shipped over defendant's line, and for penalty in failing to settle the claim within the time required by law, heard on appeal from a justice's court.

The jury rendered the following verdict:

1. In what sum, if any, is defendant indebted to the plaintiff by reason of the loss of a puncheon of molasses? Answer: $47.20.

2. In what sum, if any, is defendant indebted to plaintiff by way of penalty? Answer: $50.

Judgment on the verdict, and defendant excepted and appealed.

*Plaintiff not represented in this Court.*
*W. H. Neal for defendant.*

HOKE, J. The Court has held that section 2634 of Revisal, imposing a penalty on common carriers for failure to settle claims for loss or damage to property while in their possession as such, within sixty days after filing same in case of shipments wholly within the State, and ninety days when the shipments were without the State, by correct interpretation, requires that, in order to a recovery of the penalty, the claim should be filed with the company within the time specified. *Thompson v. Express Co.,* 147 N. C., 343.

The testimony tended to show that the molasses was lost by reason of the bursting of the puncheon, and defendant objected to the recovery: (1) That there had been no proper filing of the claim. The written statement of plaintiff's demand within the time was left with the proper officials of defendant company in terms as follows:

"CLARKTON, N. C., 3 September, 1909.

Seaboard Air Line bought of N. A. Currie, merchant and cotton buyer, 1 puncheon of molasses, 118 gallons, at 40 cents

a gallon, $47.20. Shipped from Wilmington"; and plaintiff was allowed to testify over defendant's objection that he told the agent on presenting the claim that "it was for the puncheon of molasses that burst." While the form of the demand is not one to be approved or generally followed, we think it sufficiently definite to notify defendant of the amount and the nature of the claim, affording as it did sufficient information to enable the company to make investigation and secure the evidence relevant to the inquiry, and we concur with his Honor in holding the notice be a sufficient filing within the meaning of the statute. *Stonestreet v. Frost,* 123 N. C., 640.

Defendant further objected that the court declined to submit or entertain the view arising on the testimony, that the puncheon burst by reason of fermentation of the molasses, and for which defendant was in no way responsible.

While common carriers, in the absence of valid stipulation to the contrary, are held in this State to be insurers of goods intrusted to them for shipment, it is generally understood that the principle does not extend or apply to loss or damage arising from the negligence of the shipper or from vices or defects inherent in the nature of the goods. This limitation on the liability of common carriers of goods was referred to as accepted law by *Allen, J.,* in his concurring opinion in *Peanut Co. v. R. R.,* 155 N. C., 148, and the statement is in full accord with the authorities. Moore on Carriers, secs. 4 and 5; Hutchinson on Carriers (3 Ed.), secs. 333 and 334. In this last citation the author says: "So, obviously, the carrier, if not himself at fault, cannot be held liable for losses which have been caused by the inherent nature, vice, defect, or infirmity of the goods themselves, as in the case of decay, waste, or deterioration of perishable fruits, the evaporation of liquids, the bursting of vessels, owing to the fermentation of their contents, etc." There was evidence on part of the defendant, tending to establish the conditions referred to, and we are of opinion that defendant was entitled to have the same considered by the jury, under a proper charge. For the error indicated, defendant is entitled to a new trial, and it is so ordered.

New trial.