W. BLOUNT RODMAN, ADMINISTRATOR OF J. A. STILLMAN, DECEASED, V. ELOISE STILLMAN, PHILIP A. STILLMAN, JOSEPH J. STILLMAN, WILLIAM A. STILLMAN, W. MERCER STILLMAN, GILBERT STILLMAN, WASHINGTON EDWARD STILLMAN, CONSTANCE STILLMAN, SARAH A. SPRUILL, V. H. KELLUM, TRUSTEE, AND M. GRACE WOODHOUSE, SADIE CHESSON STILLMAN, GUARDIAN AD LITEM FOR JEAN STILLMAN, WALTER STILLMAN, JACK STILLMAN, JAMES STILLMAN, SELMA STILLMAN, THELMA STILLMAN AND JOHN STILLMAN, A MINOR; AND WALTER STILLMAN.

(Filed 19 November, 1941.)

**1. Judgments § 39—**

An action on a judgment may be commenced at any time within ten years from the date of its rendition. C. S., 437 (1).

**2. Executors and Administrators § 18—**

Where an administrator, knowing that his appointment is at the instance and solicitation of judgment creditors so that they might make collection immediately upon appointment, with memorandum of the judgment in hand, investigates and ascertains that the judgment has not been paid, and thereafter institutes proceedings to sell the lands of intestate to make assets to pay the judgment, claim on the judgment has been filed and admitted by the administrator within the meaning of C. S., 412.

**3. Limitation of Actions § 10—When judgment debtor dies within 10 years of rendition of judgment and administrator is appointed within 10 years of death, claim on judgment filed within one year of appointment is not barred.**

A judgment debtor died some two years after the rendition of the judgment and letters of administration upon his estate were issued some seven years after his death. Within one year of the appointment of the administrator the judgment creditors filed claim on the judgment and the administrator admitted same within the meaning of C. S., 412, and instituted this proceeding to sell the lands of his intestate to make assets to pay the judgment. *Held:* The judgment creditor having died within ten years from the rendition of the judgment, C. S., 437 (1), and the administrator having been appointed within ten years of the death of the judgment debtor, and claim on the judgment having been filed and admitted by the administrator and proceeding to sell lands instituted within one year of his appointment, the proceeding is not barred, C. S., 412. Since C. S., 412, relates to claims on judgments and the status of a judgment is fixed and determined by law, whether claim on a judgment must be filed with the administrator, *quære.*

**4. Executors and Administrators § 13d—**

In a proceeding to sell lands to make assets to pay a valid claim upon a judgment rendered against intestate prior to his death, decree for the sale of lands renders moot the question of whether the lien of a prior mortgage on the lands should have been canceled, since C. S., 93, provides the order of payment of debts against the estate, and there being no question of priorities presented.

APPEAL by petitioner and by defendants other than Sarah A. Spruill, V. H. Kellum, Trustee, and M. Grace Woodhouse, from *Stevens, J.,* at July Term, 1941, of WASHINGTON.

Special proceeding to sell land to make assets to pay debts.

The clerk of Superior Court, pursuant to hearing before him, found facts which were adopted by judge of Superior Court on appeal from clerk, as follows:

(1) At a regular term of the Superior Court of Washington County, which convened on 20 October, 1930, in an action entitled "Clyde M. McCallum and E. Leigh Winslow, trading as Plymouth Wholesale Company, as plaintiffs, *v.* J. A. Stillman, as defendant," judgment was rendered on 25 October, 1930, in favor of plaintiffs and against defendant for the sum of $341.24, together with interest and costs, on which judgment J. A. Stillman paid only the sum of $75 on 1 May, 1931.

(2) J. A. Stillman died on 25 June, 1933, possessed of some personal property, which has been consumed by and disposed of in support of his widow and children, and seized of the land sought to be sold in this proceeding.

(3) Letters of administration upon the estate of J. A. Stillman were duly issued to W. Blount Rodman on 15 March, 1940.

(4) On 15 March, 1940, the said judgment of Plymouth Wholesale Company was presented to the administrator as a claim against the estate for payment. Following investigation of all the facts pertaining thereto and after interviewing Mrs. Eloise Stillman, the widow, and ascertaining all that could be learned about said judgment, the administrator determined and, on said date, admitted that same, less credit above stated, is a valid claim against the said estate, and thereafter on 18 October, 1940, instituted this proceeding to sell land to pay debts of the estate of J. A. Stillman, including said judgment.

The widow and heirs at law of J. A. Stillman, in their answer filed 31 October, 1940, pleaded laches and the ten-year statute of limitations in bar of said judgment both as a debt of the estate and as a lien on land sought to be sold.

Upon the facts found, the clerk being of opinion that said judgment is a debt of the estate of J. A. Stillman, and, from the date of its rendition, a lien on the lands of J. A. Stillman, and is not barred by the statute of limitations, either as a debt or as to its lien, so adjudged, and, as prayed, ordered the land sold subject to the dower of defendant, Mrs. Eloise Stillman, widow of J. A. Stillman, to be allotted in this proceeding.

The record further shows that on petition filed it is also alleged that, though no claim therefor has been presented to or filed with the administrator, there are of record in office of register of deeds of Washington County, (1) a mortgage deed from J. A. Stillman and wife to Sarah A. Spruill, registered 24 October, 1930, and (2) a deed of trust from J. A. Stillman to V. H. Kellum, Trustee, for benefit of M. Grace Woodhouse, dated 8 October, 1932, registered 20 October, 1932, each purporting to convey the land or a part of the land described in the petition as security for indebtedness (1) due Sarah A. Spruill, and (2) due M. Grace Woodhouse as described in said mortgage deed and said deed of trust, respectively; and it is alleged on information and belief that each has been paid and should, therefore, be canceled. In this connection Sarah A. Spruill, V. H. Kellum, Trustee, and M. Grace Woodhouse are defendants, but file no answer.

Defendant Eloise Stillman in answer filed asserts ownership of the mortgage deed given to Sarah A. Spruill, to which petitioner in reply pleads ten-year statute of limitations.

Upon facts found as to the mortgage deed, and in default of answer by V. H. Kellum, Trustee, and M. Grace Woodhouse, as to deed of trust, clerk orders each canceled.

The evidence offered by petitioner upon which the finding of fact numbered 4 hereinabove rests comes from the testimony of W. Blount Rodman, briefly stated, as follows: That he qualified as administrator of J. A. Stillman at the instance and solicitation of the attorney for Clyde McCallum and E. Leigh Winslow, judgment creditors; that the attorney

advised him that the reason for his interest was that no personal representative had qualified and it was necessary for the estate to be administered in order that creditors might make collection; that he qualified in order to settle the estate in all respects as provided by law; that after qualifying as administrator, in the forenoon of 15 March, 1940, he with his attorney went in the afternoon to the home and store of Mrs. Eloise Stillman, the widow; that they took with them memorandum showing the existence of the uncanceled deed of trust and mortgage deed hereinabove described, and of the judgment in favor of Clyde McCallum and E. Leigh Winslow against J. A. Stillman; that as to the judgment, Mrs. Eloise Stillman stated that she knew of its existence and of the fact that it had not been paid, except for $75 paid thereon 1 May, 1931; that she assigned as one of the reasons for its nonpayment the fact that she had heard from some source that the judgment creditors had gone into bankruptcy, and, therefore, did not think it would have to be paid; that the matter of her borrowing money with which to pay the judgment was discussed between her, the administrator, and his attorney—the latter insisting that she employ an attorney to represent and advise her as to her rights in the matter; and that following his investigation, he, the administrator, admitted the judgment as a claim against the estate of J. A. Stillman and a lien upon his land, on 15 March, 1940.

Defendant offered no evidence.

Upon appeal from the clerk of the Superior Court by all of the defendants other than Sarah A. Spruill, V. H. Kellum, Trustee, and M. Grace Woodhouse, Stevens, Judge presiding at July Term, 1941, of Superior Court of Washington County, finding all the facts to be as found by the clerk, "except that it is found that the lien of the judgment therein set out expired 10 years from the rendition of said judgment, although same is a good and valid claim against the estate of J. A. Stillman," affirmed the judgment of the clerk, except as to the lien of the judgment therein set out, and ordered the case to be remanded to the clerk to the end that sale of land be completed before and confirmed by him.

Petitioner excepts to that portion of the judgment finding as a fact and adjudging that the judgment therein referred to is not a lien on the lands of J. A. Stillman, and appeals to Supreme Court.

Defendants other than Sarah A. Spruill, V. H. Kellum, Trustee, and M. Grace Woodhouse, except to the judgment and to each and every finding of fact and conclusion of law therein, other than the finding that the judgment in question is not a lien upon the lands left by J. A. Stillman, and appeal to the Supreme Court.

*W. L. Whitley for appellants.*

*Carl L. Bailey for W. Blount Rodman, appellee upon defendants' appeal, and appellant upon petitioner's appeal.*

## DEFENDANTS' APPEAL.

WINBORNE, J.   This is the sole question presented on this appeal:
Where a judgment debtor dies within ten years after the rendition of the
judgment, and administrator, who is appointed within ten years of the
death of such debtor, knowing that his appointment to administer the
estate is at the instance and solicitation of the judgment creditors so that
creditors might make collection, and with memorandum of the judgment
in hand, immediately investigates and ascertains that the judgment has
not been paid and admits it as a debt against the estate, and then within
one year after his appointment institutes a proceeding to sell land of
intestate to make assets to pay debts of the estate, specifically including
the judgment, is the claim filed and admitted within the meaning of the
statute, C. S., 412, so as to prevent bar by the statute of limitations?

The decisions of this Court support an affirmative answer.   See *Wood-
lief v. Bragg,* 108 N. C., 571, 13 S. E., 211; *Harris v. Davenport,* 132
N. C., 697, 44 S. E., 406; and also *Turner v. Shuffler,* 108 N. C., 642,
13 S. E., 243; *Stonestreet v. Frost,* 123 N. C., 640, 31 S. E., 836; *Hinton
v. Pritchard,* 126 N. C., 8, 35 S. E., 127; *Justice v. Gallert,* 131 N. C.,
393, 42 S. E., 850; *Horne Corp. v. Creech,* 205 N. C., 55, 169 S. E., 794.

In this connection it is provided by statute that an action "upon a
judgment or decree of any court of the United States, or of any State or
territory thereof," may be commenced within ten years "from the date of
its rendition  .  .  ."   C. S., 437 (1), formerly Revisal, 391; Code,
152; C. C. P., sec. 14, and it has been uniformly held in this State that
a cause of action on a judgment accrues from the date of its rendition.
*McDonald v. Dickson,* 85 N. C., 248.

On the other hand, it is also provided by statute that, "If a person
against whom an action may be brought dies before the expiration of the
time limited for the commencement thereof, and the cause of action sur-
vives, an action may be commenced against his personal representative
after the expiration of that time, and within one year after the issuing
of letter testamentary or of administration, provided the letters are issued
within ten years after the death of such person."   C. S., 412, formerly
Revisal, 367; Code, 164; C. C. P., 43.

And the same statute further provides that, "If the claim upon which
the cause of action is based is filed with the personal representative
within the time above specified, and admitted by him, it is not necessary
to bring an action upon such claim to prevent it being barred  .  .  ."

While in *Woodlief v. Bragg, supra,* it is not expressly found that the
administrator admitted the claim, *Clark, J.,* after quoting pertinent por-
tions of the statute, Code, 164 (now C. S., 412), states: "We do not hold
that reception of claim by the administrator, without objection, is *per se*
an admission of its correctness, but here not only the claim was filed in

proper time and no objection was made, but the administrator files the petition to obtain assets to pay it. This is strong proof that he did not deny its correctness but 'admitted' it—certainly it is so in the absence of any proof whatever to the contrary."

In *Harris v. Davenport, supra,* in opinion by *Montgomery, J.,* this Court said: "The action of the administrator creditor in commencing the proceeding to sell the land of the intestate to pay his debts was equivalent to the filing with himself of his claim and his admitting the same to be due, and falls under the provisions of section 164 of The Code. In such a case the statute of limitations ceases to run either in favor of the personal representative or the heirs at law."

In *Horne Corp. v. Creech, supra,* it is said that, "A claimant cannot compel an administrator 'to string the claims,' but if the validity of the claim is expressly recognized or admitted, this will constitute a filing." To same effect is *Stonestreet v. Frost, supra.*

Notice to the personal representative is the prime purpose of the statute. *Hinton v. Pritchard, supra.*

In fact, it is noted that counsel for defendants, in contending that the statute, C. S., 412, does not apply to claims based on judgments, say: "It was not necessary to file the judgment with him as a claim for the reason that its status had already been fixed and determined by the judgment of the court, and we respectfully insist that the mere fact that he has attempted to recognize it in his petition filed in this proceeding does not and cannot change the law."

There is force in the argument as to there being no necessity of filing claim based on a judgment. But, as this Court holds that the statute relates to claims on judgments, *Stonestreet v. Frost, supra,* the reasoning rather supports the contention of petitioner that there has been sufficient filing.

The judgment below is
Affirmed.

### PLAINTIFF'S APPEAL.

Holding as we do on defendants' appeal that, upon the facts presented, the judgment of Clyde McCallum and E. Leigh Winslow, partners trading as Plymouth Wholesale Company, against J. A. Stillman is a valid claim against the estate entitled to be paid out of the proceeds of sale of land ordered in this proceeding to be sold for purpose of creating assets with which to pay debts of J. A. Stillman, and the order of payment being provided by statute, C. S., 93, and no question as to priorities being presented, the question of lien has become moot in so far as parties to this proceeding are concerned.

Hence, the petitioner's appeal is
Dismissed.