The points arising in this cause will sufficiently appear from the opinion of the Court as delivered by
Parsons, C. J.
The writ in this case was directed to the Common Pleas for the county of Suffolk, to send the record and proceedings of that court in the rendition of a judgment against the plaintiff in error, and in favor of the defendant in error. On examining the record, it appears that the proceedings in that court were not founded on a writ, but on certain rules of reference made by the parties pursuant to the statute of 1786, c. 21; and the Common Pleas can have no jurisdiction, unless the referees derived and executed their authority pursuant to that statute.
By the statute, when a dispute is existing between any persons, the party making the demand may make a statement cf it in writing under his hand, and lodge it with a justice of the peace in the county where he dwells, and upon the application of the parties agreeing on a reference, the justice may make an agreement of *217 reference, to be annexed to the demand, which the parties must sign and acknowledge before the justice, and the referees may thereupon proceed to hear the parties upon the matters thus agreed to be submitted, and to make their report to the Common Pleas, who may render a judgment according to the report.
G. Blake and Sullivan for the plaintiff in error.
Amory and Jackson for the defendant in error.
From the provisions of the act, the referees can take into consideration no matters, but what are contained in the agreement acknowledged before the justice. And because the * Common Pleas are to have the same cognizance of re- [ * 243 ] ports under these agreements, which they have of reports made under the rules of that court, where distinct reports and judgments must be made and entered under the several rules, it is very clear that, pursuant to this statute, there must be a several report and judgment on each agreement of reference.
The construction of the statute being apparent, we have examined the record, to discover whether the proceedings have or have not pursued it. On the 8th day of July, 1806, Tudor makes and lodges his demand against Peck with a justice; on which an agreement of submission is regularly made, signed, and acknowledged, by the parties. On the same day, Peck makes and lodges with a justice his demand against Tudor, on which another agreement of submission is made, signed, and acknowledged, by the parties. Afterwards, on the 30th of August in the same year, the parties make a further agreement, extending the authority of the referees to other matters than are contained in either of the acknowledged agreements of submission; and this further agreement was not acknowledged before a justice. It appears from the report that the referees proceeded and reported upon matters contained in this further and unacknowledged agreement; and upon this report the judgment in question was rendered.
This, in our opinion, is error, because the referees had no authority under the statute to consider and report on any matters not contained in some agreement of submission acknowledged by the parties before a justice. The referees have considered all the matters submitted to them, as well by the first agreement as the second, and the further unacknowledged agreement; and they report on all these matters under the second agreement of submission only. Upon this report judgment having been rendered, we are also of opinion that in this there is error; because a report under any agreement of submission must be upon the matters only contained in such agreement.
The judgment must therefore be reversed.