## FRANKLIN MINING COMPANY *vs.* FRANKLIN J. PRATT.

A submission to three arbitrators, under the Gen. Sts. *c.* 147, named only two arbitrators and provided that they should choose the third. They chose the third, by an instrument in writing. but not acknowledged; and he, with one of them, returned an award, the other dissenting. *Held*, that the award was invalid.

A submission to arbitration, under the Gen. Sts. *c.* 147, provided that the award should be returned within four months. At the end of four months, the attorneys of the parties, by an instrument in writing, but not acknowledged, agreed to extend the time for returning the award. *Held*, that an award returned after four months was invalid.

CONTRACT on an award dated March 17, 1868, made by two arbitrators, against the dissent of a third, in pursuance of a submission under the Gen. Sts. *c.* 147, dated October 4, 1867, to two arbitrators named " and one other disinterested impartial man to be agreed upon by said " two. The award was accepted, and judgment ordered thereon, in the superior court, against objections of the defendant, who appealed. The case is stated in the opinion.

*W. Gaston & J. M. Keith*, for the plaintiffs.

*C. Allen*, for the defendant.

CHAPMAN, C. J. Two objections are made to the award. The first is, that the agreement, signed by the parties and acknowledged before a justice of the peace, named but two of the arbitrators, and provided that they might choose the third. They made the choice by an instrument in writing, but not acknowledged, and the award is signed by him.

The other objection is, that the award was by the agreement to be returned within four months from October 4, 1867. It was not thus returned; and on February 4, 1868, the attorneys of the parties signed an agreement, but without acknowledgment, that the time might be extended six weeks. Under this agreement, the making of the award was delayed till March 17.

We think that each of these objections is fatal. Our present statute, (Gen. Sts. c. 147,) and those which preceded it, were framed for the purpose of enabling a creditor to obtain a judgment upon an award of arbitrators without the expense or delay attending the usual process in a suit. But the legislature did not think it safe to apply this special jurisdiction to all cases of awards of arbitrators. They therefore prescribed a form of agreement for the parties to sign, which form is to be followed in substance, and required that the agreement should be acknowledged before a justice of the peace. This agreement must state the names of the arbitrators and the time within which their award shall be returned. It cannot be said that either of these requirements is in any sense immaterial. And a compliance with the statute in all material particulars is necessary to give the court jurisdiction. *Heath* v. *Tenney*, 3 Gray, 380. *Burghardt* v. *Owen*, 13 Gray, 300, and cases cited. As the jurisdiction of the court is dependent upon a compliance with the statute, the defect is of such a character that it cannot be remedied by a mere waiver or agreement of the parties.

*Judgment reversed, and award set aside.*