MARTIN P. STANDISH *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    June 22. — July 2, 1880.    COLT, J., absent.

The memorandum of a judge of the Superior Court, stating the grounds of his overruling a motion to set aside an award, is no part of the record; and the remedy of the party aggrieved is by bill of exceptions, and not by appeal.

APPEAL from an order of the Superior Court for judgment on an award made and returned into that court in pursuance of a submission under the Gen. Sts. *c.* 147, §§ 1, 2.

The record showed that the appellant, on October 27, 1879, entered with the appellee into a submission, under the statute, of the appellant's claim for damages sustained by reason of personal injuries alleged to have been caused by the negligence of

the appellee on August 29, 1879, while the appellant was a passenger on the railroad of the appellee, to the determination of three arbitrators, the award of whom, or of the majority of whom, being made and reported to the Superior Court for the county of Suffolk, the judgment thereon was to be final; that, under date of November 3, 1879, the arbitrators reported to the court their award, which set forth that the arbitrators, in pursuance of the submission, had duly notified the parties, and, having heard and considered their several allegations, proofs and arguments, awarded and determined that the appellee should pay to the appellant the sum of $1200, and should also pay certain bills.

The record further showed, that the appellant filed a motion to set aside and vacate the award, assigning certain reasons therefor which it is now unnecessary to state; that the appellee filed a motion, setting forth that the bills referred to in the award had been paid, and moving that judgment be entered on the award for $1200 and interest from the date of the award; and that the court accepted the award, and ordered judgment accordingly.

The copies from the Superior Court included this memorandum, signed by *Pitman*, J., following the appellant's motion to set aside and vacate the award: " Jan. 13, 1880. Motion overruled. I hold that the matters set forth in the within motion, if proved, are not sufficient in law to authorize setting aside the award."

*A. R. Brown & E. A. Alger*, for the appellant.

*J. H. Benton, Jr.*, for the appellee.

BY THE COURT.   The judge's memorandum of the ground of his ruling is no part of the record, and therefore the remedy of the party aggrieved is not by appeal, but by bill of exceptions. Gen. Sts. *c.* 114, § 10 ; *c.* 115, § 7.        *Judgment affirmed.*