CARROLL.

---

PITMAN *v.* THOMPSON & *a.*

A submission under the statute, upon which no award has been filed, is no bar to an action for the same cause brought to enforce a laborer's lien.

ASSUMPSIT, for labor. Writ dated April 12, 1883. Plea, the general issue, with a brief statement of a prior arbitrament and award. The cause was tried by a referee, whose report is for the plaintiff in the sum of $349.40. January 29, 1883, the parties submitted all matters in difference to arbitrators under the statute, stipulating that the award should be filed with a motion for judgment thereon at the coming April term for this county. A hearing was had before the arbitrators, March 5, 1883, and they awarded to the plaintiff $250, but the submission and award were not filed with the clerk until February 18, 1884. After the submission, and before the award, the defendants failed, and this suit was brought, and an attachment of certain timber made upon the writ to enforce the plaintiff's lien. The referee reports that the plain-

tiff is entitled to a lien judgment for $221.44, and a general judgment for $127.98 with interest, &c.

The plaintiff claims judgment against the property attached for $221.44, and a general judgment for the balance.

*A. S. Twitchell* and *G. W. M. Pitman,* for the plaintiff.

*W. & H. Heywood,* for the defendants.

ALLEN, J. The award was pleaded as a judgment in defence of the plaintiff's action. The submission was under the statute (G. L., c. 251, s. 2), and contained an agreement that the award should be filed in the supreme court at the next April term for the county, with a motion for judgment. If the award was valid for any purpose (*Dorr* v. *Hill,* 62 N. H. —, *Burghardt* v.' *Owen,* 13 Gray 300, and *Franklin Mining Co.* v. *Pratt,* 101 Mass. 359), it could not be pleaded to defeat the plaintiff's action. The submission being under the statute, providing for a return of the award into court, with a motion for judgment, and no judgment having been rendered upon it, the award, at best, was no more than a verdict in a pending action upon which judgment had not been ordered. To have made good the defence of a prior action for the same cause pending, that fact should have been pleaded in abatement. *Bennett* v. *Chase,* 21 N. H. 571, 581; *Smith* v. *Ins. Co.,* 22 N. H. 21. It could not be taken advantage of under the general issue, nor does it support the plea of an award pleaded as a judgment.

The general rule of law forbids that a defendant should be harassed by two suits for the same cause of action at the same time. There are exceptions to the rule, when the first suit, from defect of jurisdiction in the court, cannot give adequate remedy, or when the prior suit is, in an inferior court of limited jurisdiction, incapable of giving the plaintiff the remedy he needs; and in such cases a second suit is permitted. *Sparry's Case,* 5 Coke 62 *a; Smith* v. *Ins. Co., supra.* The plaintiff's claim for labor entitled him to a lien upon the property under the statute, and this could be secured only by an attachment,—a remedy which could not be reached in the proceeding before the arbitrators; and this brings the case within the exception to the rule, which, on equitable principles, gives a right of action, though a prior action for the same cause is pending.

The defendants' plea not being supported, no amendment of the declaration was necessary, and the plaintiff is entitled to judgment against the property attached for $221.44 and interest, and general judgment for the balance $127.98 and interest, and costs of this suit not including any costs of the proceeding before the arbitrators, according to the referee's report.

*Judgment for the plaintiff on the referee's report.*

CARPENTER, J., did not sit: the others concurred.