WILLIAM H. BENT *vs.* ERIE TELEGRAPH AND TELEPHONE COMPANY.

Middlesex.   Jan. 19. — Feb. 26, 1887.   HOLMES & GARDNER, JJ., absent.

Under the Pub. Sts. *c.* 188, §§ 2, 5, 9, an award of arbitrators must be returned to the Superior Court within the time specified in the submission ; and, if such time is extended by an agreement in writing, signed by the parties, but not acknowledged before a justice of the peace, an award returned within the time, so extended, but after the time limited in the submission, is invalid, and the Superior Court has no jurisdiction to accept it.

MOTION to accept and confirm an award of arbitrators under an agreement of submission, dated December 31, 1885, signed and acknowledged by the parties before a justice of the peace, and providing that the award should be " made and reported within six months from this day to the Superior Court."   On June 4, 1886, the parties signed an agreement, which was not acknowledged before a justice of the peace, by which the time within which the report of the arbitrators was to be filed was extended to December 6, 1886.   The award was made by the arbitrators on December 1, 1886, in favor of the defendant, and was filed on the next day.

*Thompson,* J., overruled the motion, and set aside the award ; and the defendant appealed to this court.

*J. N. Marshall,* ( *W. H. Anderson* with him,) for the defendant.

*G. F. Richardson & M. F. Dickinson, Jr.,* for the plaintiff.

W. ALLEN, J.   We think that the Superior Court did not have jurisdiction to accept the award.   The Pub. Sts. *c.* 188, give to that court jurisdiction over an award made and returned to it in accordance with the provisions of the chapter.   Section 2 requires that the submission shall be by an agreement signed and acknowledged by the parties before a justice of the peace, one of the particulars of which is that the award shall be made and reported to the Superior Court within one year.   Section 5 is in these words : " The time within which the award shall be made and reported may be varied according to the agreement of the parties, but no award made after the time fixed by the agreement shall have any legal effect or operation, unless made upon

a recommitment by the court to which it is reported." Section 9 provides that "the award may be returned at any term or session of the court held within the time limited in the submission."

Under these provisions, the agreement of submission must fix the time within which the award must be returned into court, and the court has jurisdiction only of an award returned to it within that time. The expressions, "the time fixed by the agreement" in § 5, and "the time limited in the submission" in § 9, have the same meaning. The parties may agree upon a different time from the year named in the statute, but the time within which the award shall be returned is a material part of the submission, and must be fixed by an agreement signed and acknowledged by the parties before a justice of the peace.

If, after the agreement is executed, the parties can extend the time, or alter the submission in any other material respect, they can do it only by a supplemental agreement executed in the manner required by the statute. *Tudor* v. *Peck*, 4 Mass. 242. *Abbott* v. *Dexter*, 6 Cush. 108. *Heath* v. *Tenney*, 3 Gray, 380. *Burghardt* v. *Owen*, 13 Gray, 300. *Franklin Mining Co.* v. *Pratt*, 101 Mass. 359. *Lazell* v. *Houghton*, 32 Vt. 579.

This case comes up on appeal. As the appeal by the statute (§ 12) must be founded on matter of law apparent on the record, and the record does not show the grounds on which the court below ordered the award to be set aside, it cannot appear of record that the grounds were insufficient in law. If no sufficient reason appeared of record, it could not be said, as matter of law, that none such existed in fact. *Standish* v. *Old Colony Railroad*, 129 Mass. 158. The defendant's remedy, if it had been aggrieved, would seem to have been by exceptions. This, however, is immaterial, because it does appear by the record that the Superior Court had no jurisdiction to accept the award.

*Award rejected.*