CHARLES L. JAMES & another *vs.* SOUTHERN LUMBER COMPANY.

SAMUEL M. WINCHESTER & another *vs.* CHARLES L. JAMES & another.

SAME *vs.* SAME.

Suffolk.   January 20, 1891. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Arbitrators — Award — Return into Court — Lien for Fees — Evidence.*

An award of arbitrators may, since the St. of 1885, c. 384, §§ 2, 3, be returned into court at any time within the period fixed by the submission, whether the court is holding a regular sitting or not; and if the award is enclosed by them in an envelope and sealed and delivered to the clerk of the court, addressed to the court, it is transmitted and returned into court within the meaning of the Pub. Sts. c. 188, §§ 8, 9.

Arbitrators, appointed under the Pub. Sts. c. 188, have no lien for their fees upon the award after it is returned into court; and an indorsement upon the envelope containing such an award, that it is not to be opened until a certain time, or the happening of a certain contingency, is of no effect, and evidence respecting the same is irrelevant.

THREE MOTIONS, by Charles L. James and Eugene B. Abbot, to the Superior Court, for the acceptance of the awards of arbitrators under the Pub. Sts. c. 188. The Southern Lumber Company, Samuel M. Winchester, and J. Edgar Line objected that the court had no jurisdiction of the awards, because the same had not been returned into court within the time required by law. Hearing before *Mason*, J., who overruled the objection, and allowed exceptions alleged by the Lumber Company and by

Winchester and Line, to the exclusion of certain evidence. The cases appear in the opinion.

*C. T. Gallagher & H. R. Bailey,* for James and Abbot.

*E. O. Bicknell,* for the Lumber Company, and for Winchester and Line.

FIELD, C. J.   The record in the first case is somewhat confused, but apparently the last agreement of submission was dated May 20, 1889, and it provided that the award should be filed in the Superior Court for the county of Suffolk within six months from that date.   On May 24, 1889, the award, contained in a sealed envelope, was sent by the arbitrators to the clerk's office of said court, and was received by the clerk or his assistant, who indorsed on the envelope the following: " May 24, Received." Upon the envelope the arbitrators had written the following indorsement: " To the Superior Court for the county of Suffolk. This envelope contains the award of the undersigned in the case of James and Abbot *v.* The Southern Lumber Company, to be opened and filed on Nov. 23, 1889, or upon the return of the awards in the cases of S. M. Winchester *v.* James and Abbot, and James and Abbot *v.* S. M. Winchester; at which time all may be opened and filed together.   Edmund H. Bennett, Joshua G. Gooch, Edward A. Adams, Arbitrators.   Boston, May 24, 1889."

The award while remaining in the sealed envelope was entered in court, on February 19, 1890, at the request of the counsel for the plaintiffs; and on April 19, 1890, the award was opened by the clerk and placed on file.   Apparently the award was recommitted by the court to the arbitrators on May 22, 1890, and on May 29, 1890, the arbitrators made a new award affirming the award formerly made, which was received and opened by the clerk of the court on the same day; and subsequently the award as amended was accepted by the Superior Court, and judgment ordered thereon.   If this award can be considered as made and reported to the court on May 24, 1889, then it was made and reported within " the time fixed by the agreement " of the parties; but if it cannot be considered as made and reported to the court until either February 19, 1890, or April 19, 1890, then it was not made and reported to the court until after the time fixed in this agreement, and the award is void.   Pub. Sts. c. 188, § 5.   *Franklin Mining Co.* v. *Pratt,* 101 Mass. 359.

*Sperry* v. *Ricker*, 4 Allen, 17.   *Bent* v. *Erie Telegraph & Telephone Co.* 144 Mass. 165.

The Pub. Sts. c. 188, §§ 8 and 9, contain the provisions relating to the return of the award into court.   Section 8 recites that the award shall be delivered by one of the arbitrators to the court, "or shall be enclosed and sealed by the arbitrators and transmitted to the court, and shall remain sealed until opened by the clerk"; section 9 provides that "the award may be returned at any term or session of the court held within the time limited in the submission, and the parties shall attend without any express notice for that purpose," etc.   These provisions are substantially the same as those contained in the Rev. Sts. c. 114, §§ 7, 10.   In *Burghardt* v. *Owen*, 13 Gray, 300, it was held that, under the Revised Statutes, the filing of the award in the clerk's office in vacation within the time fixed in the agreement gave it no validity, but that the award must be returned into court at a term or session, and that, as the next term or session of the court began after the time fixed in the submission had expired, the award was not returned within the time required by law, and was void.

In the case at bar, we might perhaps take judicial notice that there was more than one session of the Superior Court for the county of Suffolk between May 24, 1889, and the expiration of six months from May 20, 1889, so that if the possession of the clerk during a term or session of the court could be considered as the possession of the court, the award might be said to have been transmitted to the court at a term or session held "within the time limited in the submission"; but we do not find it necessary to determine this.

By the St. of 1885, c. 384, § 2, it is provided that the Supreme Judicial Court and Superior Court "respectively shall be always open in every county, and there shall no longer be any terms thereof.   Any business of the courts or of the justices thereof respectively may be transacted at any time," etc..   Section 3 provides that "the courts and the justices thereof respectively may in any county transact any business of such courts," etc.   It follows from this statute that now there are properly no vacations in these two courts, and that the Superior Court, at any time after the award was received by the clerk, had power to

act upon it, whether it was holding a regular sitting or not, if sending the award to the clerk in a sealed envelope addressed to the clerk was transmitting it to the court within the meaning of the statute. We are of opinion that, since the St. of 1885, c. 384, took effect, an award may be returned to the Superior Court at any time within the time fixed by the submission, whether the court is holding a regular sitting or not, and that if the arbitrators make the award, and enclose it in an envelope, and seal it, and deliver it to the clerk of the court addressed to the court, this is transmitting and returning it to the court within the meaning of the statute. See Pub. Sts. c. 159, §§ 16, 25.

The Pub. Sts. c. 188, § 11, provide that, "if there is no provision in the submission concerning costs and expenses, the arbitrators may make such award respecting them as they judge reasonable, including a compensation for their own services; but the court may reduce the sum charged for compensation if it appears unreasonable." Under this section it is plain that the arbitrators are not the final judges of the amount to be paid them for their services, neither are they given any right to require that the award shall not be opened unless a reasonable sum shall be paid to them. It was for the court to determine when the award, if sealed up, should be opened by the clerk. Since the passage of the St. of 1887, c. 289, the arbitrators are paid by the counties.

Apparently in this case the arbitrators were not satisfied with the compensation which would be allowed them by the court to be paid by the county of Suffolk, and they endeavored to collect such an additional sum of the parties as they thought they were entitled to. Whether the arbitrators had any contract whereby the parties promised to pay them any sum of money for their compensation beyond that to be allowed by the court, we do not know, but this is immaterial. The attempt of the arbitrators to control the opening of the award after they had signed it and sealed it, and delivered it to the clerk of the court in an envelope addressed to the court, was an attempt to do something beyond their powers. The award had been transmitted to the court; the clerk of the court was subject to the control of the court, and in no respect subject to their control, and they had no lien on the award for the payment of their fees after it was

received by the clerk.   The defendant offered evidence at the hearing of an attempt by the arbitrators to collect from the parties the portion of their fees not paid by the county, and to control the opening of their award.   We are of opinion that the court rightly rejected the evidence as immaterial, and that the exceptions must be overruled.   We see no error apparent on the record, and the judgment rendered on the award must be affirmed.

We see no questions of law in the second case which have not been decided in the first case, except those arising from the exceptions and the appeal of the plaintiffs concerning the disallowance by the Superior Court of "such portion of the award as amended as relates solely to the fees and compensation of the arbitrators." We are unable to find in the record any exceptions allowed by the presiding justice to any rulings of the court disallowing this part of the award, and it may be doubted whether an appeal lies.   See *Standish* v. *Old Colony Railroad*, 129 Mass. 158; *Bent* v. *Erie Telegraph & Telephone Co.* 144 Mass. 165.   The plaintiffs have not argued either this exception or the appeal, and they ask that the judgment of the court on the award may be affirmed; and the defendants contend that this part of the award was properly disallowed, on the ground apparently that since the passage of the St. of 1887, c. 289, the arbitrators had no power to make any award concerning the compensation to be paid to them.   If any question of law upon this part of the case was properly brought before this court by the plaintiffs, they have waived it.   The plaintiffs' exceptions are overruled, and the judgment rendered on the award is affirmed.

The questions of law in the third case are the same as in the first and second cases.   The plaintiffs' exceptions are overruled, and the judgment rendered on the award is affirmed.

*So ordered.*