GEORGE C. MORRELL vs. OLD COLONY RAILROAD
COMPANY.

Suffolk.    November 16, 1892. — January 6, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Arbitrators — Award — Return into Court.*

An award of arbitrators enclosed in a sealed envelope and sent by mail addressed to "Joseph A. Willard, Esq., Clerk Superior Court, 3 Court House, Boston," is transmitted to the court within the meaning of the Pub. Sts. c. 188, § 8.

It is not required by the Pub. Sts. c. 188, § 8, that, when an award is "enclosed and sealed by the arbitrators and transmitted to the court," the envelope shall have on it any writing declaring the nature of the contents of the envelope, although it is a common and convenient practice to write on it the title of the case, and a short general description of what is enclosed.

MOTION by the Old Colony Railroad Company, to the Superior Court, for the acceptance of the award of arbitrators under the Pub. Sts. c. 188. The plaintiff objected that the court had no jurisdiction of the award, because the same had not been properly reported or transmitted to the court within the time required by law. Hearing before *Dunbar*, J., who overruled the objection, allowed the motion, and accepted and confirmed the award; and the plaintiff alleged exceptions. The facts appear in the opinion.

*W. D. Turner*, for the plaintiff.

*J. H. Benton*, Jr., for the defendant, was not called upon.

FIELD, C. J.   Section 8 of Pub. Sts. c. 188, is as follows:
" The award shall be delivered by one of the arbitrators to the court designated in the agreement, or shall be enclosed and sealed by the arbitrators and transmitted to the court, and shall remain sealed until opened by the clerk." In *James* v. *Southern Lumber Co.* 153 Mass. 361, 364, the court say, " We are of opinion that, since the St. of 1885, c. 384, took effect, an award may be returned to the Superior Court at any time within the time fixed by the submission, whether the court is holding a regular sitting or not, and that if the arbitrators make the award, and enclose it in an envelope, and seal it, and deliver it to the clerk

of the court addressed to the court, this is transmitting and returning it to the court within the meaning of the statute. See Pub. Sts. c. 159, §§ 16, 25." In that case, the award was sent by the arbitrators to the clerk's office in a sealed envelope addressed to the court, with an indorsement in writing that the envelope contained an award in a case entitled by the names of the parties.

In the present case, the arbitrators enclosed the award in a sealed envelope, and sent it by mail addressed to "Joseph A. Willard, Esq., Clerk Superior Court, 3 Court House, Boston," and it was received by him on October 7, 1891, and he wrote upon the envelope, "Rec'd. 7 Oct. 1891." There was no other writing on the envelope. The question is whether transmitting it to the clerk of the court is transmitting it to the court within the meaning of Pub. Sts. c. 188, § 8. We think that it appears from the exceptions that the envelope was transmitted to and received by the clerk of the court at his office in his official capacity as clerk, and that, as he is the proper custodian of the award when returned to the court, the transmission of the award to him as clerk at his office is a transmission to the court of which he is the clerk. The court, in subsequently ordering the envelope to be opened, treated it as transmitted to the court. The statute does not require that, when an award is "enclosed and sealed by the arbitrators and transmitted to the court," the envelope shall have on it any writing declaring the nature of the contents of the envelope, although it is a common and convenient practice to write on it the title of the case, and a short general description of what is enclosed.

*Exceptions overruled.*