## BERRY & WHITMORE COMPANY v. DANTE.*

---

EXECUTORS AND ADMINISTRATORS; COLLECTORS; CLAIMS AGAINST DECE-
DENTS' ESTATES; LIMITATION OF ACTIONS.

1. Even though the collector of a decedent's estate was specially authorized

---

*Limitation of Actions.*—As to the effect of appointment of temporary administrator to cause the statute of limitations to begin to run, see note to *Baumgartner* v. *McKinnon*, 38 L.R.A.(N.S.) 824.

by the probate court "to discharge all of the duties of an administrator," a creditor of the estate has no right to maintain an action against him, as the statute providing for the appointment of collectors, while authorizing them to bring suit, does not authorize suits to be brought against them.   (Construing secs. 306–308, D. C. Code, 31 Stat. at L. 1238, chap. 854.)

2. The proving by a creditor of his claim against the decedent's estate, in accordance with sec. 336, D. C. Code, 31 Stat. at L. 1243, chap. 854, while the estate is in the hands of a collector acting as administrator *pendente lite*, will operate to suspend the running of the statute of limitations against the claim.

3. Where a claim is proved by a creditor of a decedent's estate which is in the hands of a collector, the nine months within which suit may be brought after disallowance of the claim will not begin to run until an executor or administrator has been appointed who is in law capable of being sued.   (Construing sec. 348, D. C. Code, 31 Stat. at L. 1245, chap. 854.)

No. 2690.  Submitted November 4, 1914.  Decided February 1, 1915.

HEARING on an appeal by the plaintiff from a judgment dismissing an action against the collector of a decedent's estate, after a demurrer to the declaration had been sustained, the plaintiff having elected not to amend his declaration.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Berry & Whitmore Company, a corporation, hereafter referred to as plaintiff, brought this action in the supreme court of the District of Columbia against appellee, William J. Dante, as collector of the estate of Stilson Hutchins, deceased, to recover a debt alleged to be due from Hutchins on account for goods sold and delivered in his lifetime.

The right to maintain the action, as stated in the declaration, is based upon an order of the probate court of the District, authorizing the collector "to discharge all the duties of an administrator."   The collector demurred to the declaration, on the ground that he was not subject to suit at the instance of a creditor of the decedent.   The demurrer was sustained, and plaintiff refusing to further plead, a judgment for defendant was entered, from which this appeal was taken.

*Mr. Edward S. McCalmont* and *Mr. Joseph D. Sullivan* for the appellant.

*Mr. Edwin C. Brandenburg, Mr. Clarence A. Brandenburg,* and *Mr. F. Walter Brandenburg* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The judgment below turned upon the single question of the right of plaintiff to maintain this action. It is unnecessary to consider the powers and functions of the variety of special administrators known to the common law. The Maryland act of 1798 superseded the common law in that State, and became the law of this District. Under its provisions, a collector was expressly forbidden to bring suit to recover debts due the estate, and the act made no provision for suit against him by a creditor of the decedent. This act was modified by the act of Congress of June 13, 1898, in sec. 9 of which it was provided that justices of the supreme court of the District of Columbia "may authorize and direct collectors heretofore or hereafter appointed to discharge *pendente lite* all or any of the duties of an administrator."

The Maryland act, as thus modified, was brought into the District Code, with an additional provision authorizing the court to direct the collector to pay debts against the estate, and expressly providing that he might bring suit on behalf of the estate, but with a provision that "such collector shall not be liable to an action by any creditor of the deceased." A collector in this District is a creature of statute. His duties and powers are prescribed in the following sections of the Code:

"Sec. 306. Duties of Collector.—The collector shall collect the goods, chattels, and personal estate of the deceased, including the debts due him, and cause the same to be appraised and return an inventory thereof, as an administrator is required to do, and may, under the authority of the court, sell perishable articles and bring suits for debts or other property, as an administrator may do, and shall account for the money recovered.

Said collector may be allowed a commission on the property and debts actually collected, and afterwards delivered to the executor or administrator, not exceeding 3 per centum and said collector may be authorized and directed by the court to discharge, *pendente lite,* all or any of the duties of an administrator, including the payment of debts.

"Sec. 307.    When Powers to Cease.—On the granting of letters testamentary or of administration the power of any such collector shall cease, and it shall be his duty to deliver, on demand, all the property and money of the decedent in his hands, except as before excepted, to the person obtaining such letters, and the executor or administrator may be permitted to prosecute any suit commenced by said collector as if the same had been begun by said executor or administrator.

"Sec. 308.    If the said collector shall neglect or refuse to deliver over the property and estate to the executor or administrator, the court may, by citation and attachment, compel him to do so, and the executor or administrator may also proceed, by civil action, to recover the value of the assets from him and his sureties by action on his bond.    Such collector shall not be liable to an action by any creditor of the deceased."    [31 Stat. at L. 1238, chap. 854.]

Analyzing these provisions of the Code, we find that sec. 306, prescribing the duties of a collector, authorizes him to "bring suits;" but, were the converse also intended, the usual legislative expression, "sue and be sued," would undoubtedly have been employed to express the legislative intent.    In sec. 307, it is provided that, upon the appointment of an executor or administrator, "the power" of the collector ceases, and the executor or administrator "may be permitted to prosecute any suit commenced by said collector."    Again, did the right of a creditor to sue the collector exist, Congress, to express its intention, would have used language similar to that used in the present Maryland statute, referring to administrators *pendente lite* (art. 93, sec. 69, Md. Code), providing that "all suits pending by or against any such administrator may be prosecuted or de-

fended by the executor or administrator appointed to succeed him."

These limitations apply equally to the collector when performing the duties of an administrator *pendente lite.* The statute is defining the duties of a collector in both his single and double capacities. If a distinction were intended, it must be assumed Congress would have used fitting words. If it had been intended to confer special power upon the collector as administrator *pendente lite,* that official designation would have been used; but, on the contrary, throughout the statute, he is referred to in his official capacity as collector.

It is urged in the brief of appellant that the prohibition against suit contained in the last sentence of sec. 308 "is to prevent the retiring collector from being sued by creditors upon the theory that, having retained assets of the estate, he should continue liable for its debts, after his term of office has expired." This contention leaves out of consideration the fact that sec. 308 contemplates the existence of a duly qualified executor or administrator, with the qualification of whom, under the preceding section, the power and functions of the collector ceased. The action of a creditor must be against the official representative of the decedent, the executor or administrator. D. C. Code, sec. 327 [31 Stat. at L. 1241, chap. 854]. This provision as to the right of action by a creditor against the executor or administrator supports the construction here placed upon the limitation in sec. 308. Therefore, the official existence of the collector having ended before the provisions of sec. 308 can be invoked, it logically follows that he could not be sued by a creditor for default under its provisions. To sustain appellant's contention that the sentence in question is to be limited to actions brought under the section of the Code in which it appears, Congress must be charged with doing a vain thing in attaching the limitation under consideration, since the collector's official authority had ceased, and he could not respond to an action by a creditor of the deceased.

The case of *Baldwin* v. *Mitchell,* 86 Md. 379, 38 Atl. 775, has an important bearing upon the construction of the present

statute, inasmuch as our law was taken largely from that State. In Maryland, the statute provides for collectors and administrators *pendente lite* as independent officials under different sections of the act. The powers of the collector are defined (art. 93, sec. 64, Md. Code), while those of the administrator *pendente lite* are not. Md. Code, art. 93, sec. 69. Administrators *pendente lite,* in the absence of any statutory restriction, were held to possess all the powers of administrators, except to the extent of making distribution of the estate. But sec. 69, supra, provides that the appointment of an executor or administrator shall operate as a revocation of the letters of administration *pendente lite,* and then provides that "all suits pending by or against any such administrator may be prosecuted or defended by the executor or administrator appointed to succeed him." Construing these provisions together, the Maryland court held that an administrator *pendente lite* could be sued by a creditor of the decedent in the Maryland act, however, there is no express provision, as in sec. 308, supra, that "such collector shall not be liable to an action by any creditor of the deceased."

It is urged in the brief of appellant that, by the grammatical construction of the language, "the relative 'such' should be referred to the nearest antecedent. That is, the collector referred to in the preceding part of the same section. It is a forced and unnatural construction of the language used to go outside of the section and attach it to the collector designated in sec. 306, when exercising the powers of an administrator." This rule of construction would have some application were there different collectors referred to in the statute, but the statute throughout treats of but one collector, and the restriction relates to the collector generally, and not to him in any single connection.

It is urged that, if the right to sue the collector is not upheld, appellant, by reason of the long delayed probate of the will in this case, is in jeopardy of being barred by sec. 1266 of the Code [31 Stat. at L. 1389, chap. 854, as amended, 32 Stat. at L. 542, chap. 1329], which provides as follows: "In suits against the estate of a deceased person, in computing the time of limitation the interval, not exceeding two years, between the

death of the deceased and the granting of letters testamentary or
of administration, shall not be counted as part of said time of
limitation."

There is nothing in the record to indicate what steps were
taken by appellant to protect his rights prior to bringing this
action. The record is strangely silent as to when Stilson Hut-
chins died; when the collector was appointed; what appellant
has done in relation to this particular claim; whether the cause
of action accrued before or after the death of Hutchins, and the
present status of the probate proceedings; all of which are im-
portant in connection with the subject of limitations. Section
336 of the Code [31 Stat. at L. 1243, chap. 854] provides for
the proving and presentation of accounts, which could be done
with a collector acting as administrator *pendente lite.* If ap-
pellant availed itself of the right thus afforded the proving and
presentation of the claim in accordance with the provisions of
the statute would operate to suspend the running of the statute
of limitations. In *Robinson* v. *Robinson,* 173 Mass. 233, 53
N. E. 854, Mr. Justice Holmes, delivering the opinion of the
court, said: "The two years from the filing of the administra-
tor's bond within which a suit must be begun in order not to be
barred by the special statute of limitations, Pub. Stat. chap.
136, sec. 9, expired on May 11, 1898. Statements of the ap-
pellant's claim were left with the register, and indorsed by him
as presented for allowance on May 7, 1898. We are of opinion
that this was equivalent to beginning suit, and avoided the bar.
See Pub. Stat. chap. 137, secs. 2–4, 10; *Guild* v. *Hale,* 15 Mass.
455, 458; *Aiken* v. *Morse,* 104 Mass. 277; *Tarbell* v. *Parker,*
106 Mass. 347, 349; *Morrell* v. *Old Colony R. Co.* 158 Mass.
69, 32 N. E. 1030." To the same effect are *Nicholls-Shepard
Co.* v. *Donavon,* 67 Mo. App. 286; *Hinton* v. *Pritchard,* 126
N. C. 8, 35 S. E. 127; *Fort* v. *Blagg,* 38 Ark. 471.

Without deciding the point, it would seem that, when a claim
is filed, and the running of the general statute of limitations
thereby stopped, the special statute (D. C. Code, sec. 348 [31
Stat. at L. 1245, chap. 854]) limiting the time for bringing
suits after disallowance of claim to nine months would not be-

gin to run until an executor or administrator has been appointed who is, in law, capable of being sued.

The judgment is affirmed with costs.                    *Affirmed.*

A motion for a writ of error to the Supreme Court of the United States was denied March 8, 1915.