Romeo H. LEWIS, Appellant,

v.

Lawrence E. SMITH, Executor, Estate of Virginia C. Washington, Appellee.

No. 2332.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 16, 1959.

Decided May 20, 1959.

Margaret A. Haywood, Washington, D. C., with whom Henry Lincoln Johnson, Jr., Washington, D. C., was on the brief, for appellant.

Clinton W. Chapman, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Virginia C. Washington died on November 8, 1954, leaving a will which nominated appellee as executor of her estate. As a result of a caveat, however, he did not qualify until March 22, 1956. On April 19, 1955, appellant filed a duly authenticated claim with the office of the Register of Wills for the District of Columbia, Clerk of the Probate Court, in the amount of $2,309.65 for services rendered and money advanced on behalf of the decedent. This claim was entered on the claims docket. Sometime thereafter this authenticated claim was exhibited to appellee. The precise date on which this event occurred is not revealed by the record before us, but it was conceded that the presentation took place prior to March 22, 1956, the date on which appellee qualified as executor.[1]

On November 26, 1957, appellee sent appellant a letter unqualifiedly rejecting his claim.[2] This letter was received by appellant on December 2, 1957. Some seven months later, on July 3, 1958, this suit was brought on the claim in the Municipal Court. Appellee, by an oral motion, interposed the defense that the suit was barred by virtue of Code 1951, § 18–518, which provides in substance that if an executor shall reject a creditor's claim, the creditor must commence suit on it within three months. No evidence was taken, but after the parties entered into various factual stipulations, which we have set out above, the court granted the motion and dismissed the action.[3] This appeal followed.

In this jurisdiction a creditor may assert a claim against an executor without first exhibiting it to him, legally authenticated.[4] In the absence of special provisions, the general statute of limitations of three years controls the creditor's

1. In his brief appellant fixes the date as November 25, 1955, but this statement is unsupported by the record. Appellee's brief makes no reference whatsoever to the event.

2. Appellant urges in his brief that the rejection was qualified but a reading of the letter shows, we think, that the rejection was unqualified.

3. In his brief appellant complains of this procedure, and especially the fact that the "motion" was not in writing. No such protest, however, was made in the course of the hearing below.

4. Clawans v. Sheetz, 1937, 67 App.D.C. 366, 92 F.2d 517. The trial judge was under the impression that a creditor must present his claim to the probate

claim.[5] If, however, a claim is exhibited to the executor, legally authenticated, and the executor rejects such a claim, his rejection sets in motion the running of the three-month statute, and any claim sued upon more than three months after rejection is barred. This short statute is designed to facilitate the administration and distribution of estates,[6] but since it is such an exceptional abbreviation of the general statute of limitations, it must be given a construction "almost penal in strictness."[7] Consequently, if the executor rejects a claim which has not been exhibited to him, legally authenticated, his attempted rejection does not start the running of the short statute.[8] The rationale underlying this rule is as follows: The purpose of requiring authentication and exhibition of the claim is to give the executor an opportunity to examine the claim and its proof to determine whether it is a just claim against the estate.

■ The trial court's ruling here that appellee could take notice of the claim from the court's records, and effectively reject it, was erroneous. The only way in which appellee could effectively reject the claim in this situation was if there was an actual exhibition of the claim to him, legally authenticated.[9] There was such an exhibition prior to appellee's appointment as executor, but none thereafter. The issue for decision, then, is whether this exhibition was sufficient so as to enable appellee to make an effective rejection.

■ ■ We have been unable to find any cases directly in point either in this jurisdiction or in Maryland, from which our testamentary law is largely taken.[10] It is our opinion that the exhibition of an authenticated claim prior to appellee's appointment was a sufficient exhibition so that, upon qualification, appellee could make an effective rejection of it. The claim here was authenticated and exhibited once, although at a time when the executor could have taken no action on it. To hold, as appellant argues, that it had to be re-exhibited, would serve no purpose; in effect, appellant would no nothing more than he had already done, and appellee would have nothing more before him than he already had.

■ We hold, then, that the claim was such that appellee could effectively reject it, and since appellant did not bring this suit within three months, he is barred by the statute.

The trial judge was concerned that the case of Nixon v. Life Insurance Company of Virginia, D.C.Mun.App., 1956, 124 A.2d 305, might require a different result, but it is clear that that case has no application here.

Affirmed.

court within six months of the decedent's death or be forever barred. There is no such rule in this jurisdiction.

5. Code 1951, § 12–201. See Kalis v. Leahy, 88 U.S.App.D.C. 166, 188 F.2d 633, certiorari denied 1951, 341 U.S. 926, 71 S.Ct. 797, 95 L.Ed. 1358. The interval, not exceeding two years, between the decedent's death and the appointment of an executor is not counted as part of time of limitation. Code 1951, § 12–202.

6. McNeill v. Jamison, D.C.Mun.App., 1955, 116 A.2d 160, 161.

7. Robeson v. Niles, 1889, 7 Mackey 182, 191, 18 D.C. 182, 191.

8. Clawans v. Sheetz, supra, n. 4, and cases cited.

9. Bradford v. Street, 1896, 84 Md. 273, 35 A. 886, 888. Code 1951, § 18–523, provides that if an executor has actual knowledge of a claim which has not been exhibited or passed, he may give notice requiring the creditor to exhibit the claim to him or have it passed within a certain time limit.

10. See Clawans v. Sheetz, supra, note 4, 67 App.D.C. at pages 368–369, 92 F.2d at pages 519–520. Parenthetically, we may note that Maryland now has a statute which permits an executor to reject a claim asserted or exhibited against him in any form, and such a rejection will start the running of the short statute. Ann.Code of Md.1957, Art. 93, § 120.