Dorsey **EVANS,** Executor of the Estate of Margaret Femister, dcd., **Appellant,**

v.

**WASHINGTON HOSPITAL CENTER, INC.,** a corporation, Appellee.

No. 6367.

District of Columbia Court of Appeals.

Argued May 16, 1972.

Decided Dec. 7, 1972.

George O. Ackerman, Washington, D. C., with whom Dorsey Evans, Washington, D. C., was on the brief, for appellant.

John B. Cullen, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from an opinion and order of the trial court, sitting without a jury, in favor of plaintiff Washington Hospital Center, in the amount of $2,325.20 for services rendered to testatrix Margaret Femister, prior to her death. There was no disagreement regarding the basic facts and several documents were presented for consideration. The trial consisted principally of oral argument on the questions of law involved. A post-judgment "Motion to Amend Findings and Judgment, or in the alternative for a New Trial," was denied by the court.

The testatrix died at Washington Hospital Center (hospital) on January 20, 1968, and appellant Evans qualified as executor of the estate on June 14, 1968. During the course of discharging his duties as executor, appellant, a practicing attorney in this jurisdiction, caused to be published a general notice to creditors pursuant to D.C. Code 1967, § 20–1320. The hospital did not respond to these notices.

In addition, appellant sent two letters to the hospital. In the first letter,[1] he re-

---

1. The text of the June 10, 1969 letter to the Washington Hospital Center from Dorsey Evans appears as follows:

 Please find enclosed a copy of the court order showing Dorsey Evans, Esq., to be executor of the estate of Margaret Jane Femister.

 We would like a copy of the medical records of Mrs. Femister from December 13, 1967, to the 23rd of that same month, as well as the name of any doctor or doctors who treated her.

quested, as executor, a copy of the testatrix's medical records for December 13–23, 1967, as well as the names of the treating doctors. Six months later, on December 10, 1970, the executor wrote to the hospital again, identified himself as "administrator" of the estate, and inquired whether the hospital bill had been paid and, if not, the amount of the balance.[2] The hospital, for some reason, failed to respond to either letter.

On December 13, 1970, appellant notified the Probate Court by letter that general notice to creditors had been published; that he had "no knowledge of any bill due Washington Hospital Center"; that he had written the hospital to ascertain whether there were any bills outstanding, but had received no reply; and that, because of these efforts, the estate's final accounting should be approved.

Eventually, on March 1, 1971, the hospital presented a claim to appellant for payment, some three years after testatrix had died in the hospital. The claim was rejected by letter of March 3, 1971, on the grounds that appellant's prior inquiries had been ignored, that the claim was untimely filed, and that all the assets of the estate had been distributed. The hospital filed a complaint in Superior Court on June 3, 1971.

Essentially, appellant contends the hospital's claim is barred due to the abbreviated statutes of limitation relating to probate proceedings contained in D.C.Code 1967, §§ 20–1315 and 20–1320 or, alternatively, by the general three-year statute of limitations in Section 12–301(7) of the Code.

Section 20–1320 provides as follows:

An executor or administrator who, after six months from the date of his letters, pays away assets to the discharge of just claims is not answerable for any claim of which he had *no knowledge* or notice by an exhibition of the claim legally authenticated, if, at least three months before he makes distribution he causes to be inserted in as many newspapers as the Probate Court directs, a notice to the following . . . . (Emphasis added.)

 The purpose of this section is to enable the fiduciary to ascertain the extent of the estate's indebtedness so he may know what must be paid before making distribution and to protect him when unknown claims are not timely presented. Unlike in some jurisdictions, there is no legal requirement here that he publish against creditors but it is for his own protection that he do so. 2 V. Mersch, Probate Court Practice in the District of Columbia § 1294, at 7–8 (1952).[3] It is appar-

---

2. The text of the December 10, 1970 letter to the Washington Hospital Center from Dorsey Evans appears as follows:

> This office is the Administrator in the above entitled Estate and would like to have information from you about the hospital bill.
>
> Has the hospital bill been paid? If it has been paid, would you please send this office a receipted bill marked or stamped "paid in full".
>
> If the bill has not been paid, what is the amount of the balance of the bill?
>
> Your prompt attention in this matter would be greatly appreciated. The U. S. District Court is awaiting this information.

3. The law of Maryland, from which our testamentary law stems, has a mandatory requirement for publication of notice to creditors. Md.Ann.Code art. 93, § 7–103 (Michie 1969). Those concerned are left in no uncertainty because the statute provides that any claim not filed within the prescribed period is unenforceable.

We note that several years ago a Commission was appointed by the Governor of Maryland to review and revise the testamentary law of Maryland, and their recently revised code on Decedents' Estates resulted. *See* Introductory Note to Comments art. 93, *supra*. It strikes us that the time has come for a review of the D.C.Code as it relates to Decedents' Estates by our Bar in consultation with the Register of Wills, the purpose being to initiate its modernization where appropriate.

ent, however, that the protection afforded relates only to claims unknown at the time of distribution. The effect of the statutory provision is to facilitate the administration of the estate by requiring that claims unknown to the executor be presented within the short statutory period of three months.

■ This brings us to whether the hospital's claim was required to be presented within three months. The trial court found that it was not because appellant had actual knowledge of the claim; and further found it was irrelevant that the exact amount owed to the hospital was unknown. In actuality, we note from the probate file [4] that appellant himself stated in his petition for letters testamentary that the debts of the decedent consisted principally of a bill due to this hospital, as well as funeral expenses. We conclude the trial court's finding was supported by substantial evidence and was not clearly erroneous. D.C.Code 1967, § 17–305(a). We agree with the trial court's conclusion that appellant had knowledge of the claim and, consequently, Section 20–1320 did not operate to bar it.

Appellant next contends that the claim is, nevertheless, barred by the short statute of limitations in Section 20–1315 of the Code. That section provides:

An executor or administrator shall pay all just claims against his decedent exhibited to him, or a just proportionable part thereof, according to the assets. Where a claim is known to him, although it is not exhibited, he shall retain the assets, or a just proportionable part, for the benefit of the creditor. Where an executor or administrator has *actual knowledge of a claim* which has not been exhibited or passed *he shall give notice in writing to the creditor, requiring the claim to be either exhibited or passed, as provided by this chapter, within 30 days if the creditor is a resident of the District of Columbia, and within 90 days if he is a nonresident.* After the expiration of that period, and after the expiration of the period for distribution provided by section 20–1313, the executor or administrator may not be required to retain any part of the estate for the benefit of the creditor, unless in the meantime the claim has been so exibited or passed. (Emphasis added.)

■ This statute is likewise designed to facilitate the administration and distribution of estates but since it is an exceptional abbreviation of the general statute of limitations, it must be strictly construed. Lewis v. Smith, D.C.Mun.App., 151 A.2d 188, 190 (1959).

■ Appellant's two letters (notes 1 and 2, *supra*) fall short of the notice required under this statute. To comply with the statute, appellant was required to refer to the section of the Code involved and specify that under the statute the creditor had 30 days (90 days if a nonresident creditor) to present its claim (or file suit). Instead, appellant merely requested medical records on the first inquiry and inquired about the existence of a hospital bill in the second letter. These communications were insufficient to commence the running of the abbreviated statute of limitations in Section 20–1315.[5]

We find no reason to disturb the judgment of the trial court and it is

Affirmed.

---

4. Register of Wills Admn. No. 206–68, of which the trial court later took judicial notice.

5. Appellant also contends that the claim was barred by the general statute of limitations (D.C.Code 1967, § 12–301) but we conclude this is without merit. *See* D.C.Code 1967, § 12–305.